MOSELY *et al. vs.* CARR *et al.*, administrators.

To establish a lost will, the law requires that a copy of the same, clearly proved to be such by the subscribing witnesses and other evidence, shall be produced, before it is admitted to probate and record in lieu of the original. The probate can only be made as probates are made in solemn form. Where one of the witnesses refuses to testify to the execution of the will, or denies the same, a court of equity will not enjoin the administration of the estate in order to give the propounder an opportunity to test the memory or the perjury of such witness.

March 27, 1883.

Wills. Witness. Equity. Injunction. Before Judge SIMMONS. Bibb County. At Chambers. January 9, 1883.

The following extract from the decision of Judge Simmons sufficiently reports the case: "The bill alleges that one W. A. Evans died, leaving a will, by which he gave to the complainants all of his property; that the will has been lost or destroyed; that he is seeking to establish a copy of the will in the court or ordinary; that two of the witnesses have made affidavits of the execution of the will, and that the third witness, one Summerlin, had promised to make an affidavit, but had been deterred from so doing by respondents, and had now refused to make said affidavit, but had made one that he had not witnessed the execution of any such will as alleged by complainants. The bill further alleges that Carr and Evans had taken out letters of administration upon said estate, and had sold the personal property, and had advertised the realty, and would divide the proceeds among the heirs at law, who were insolvent; and that the administrators were insolvent. The bill prays for an injunction to restrain said administrators from selling said property and dividing the proceeds until a hearing could be had upon the application to establish the lost will. The respondents filed a demurrer to the bill, and also answered, denying all the material allegations therein."

The chancellor dissolved the restraining order, discharged the temporary receiver who had been appointed, and refused the injunction. Complainants excepted.

SAM H. JEMISON, for plaintiff in error.

G. T. & C. L. BARTLETT, for defendants.

CRAWFORD, Justice.

The single question presented by the record in this case is whether, under a proper construction of section 2431 of the Code, the devisee or executor of a will alleged to have been lost, is bound to produce, and prove by all the subscribing witnesses thereto, if to be had, the existence of such will, before a copy can be established.

That section is in the following words: "If a will be lost or destroyed subsequent to the death, or without the consent of the testator, a copy of the same, clearly proved to be such by the subscribing witnesses and other evidence, may be admitted to probate and record, in lieu of the original; but in every such case the presumption is of revocation by the testator, and that presumption must be rebutted by proof."

The probate of a will, in common form, only requires the testimony of a single subscribing witness, and is without notice to any one. Probate, in solemn form, is with notice, and by all the witnesses in existence and within the jurisdiction of the court, or by proof of their signatures and that of the testator, if the witnesses be dead.

To establish a lost will, the law requires that a copy of the same, clearly proved to be such by the subscribing witnesses and other evidence, shall be produced, before it is admitted to probate and record in lieu of the original. If the subscribing witnesses are all to be produced, as herein provided, then it follows that the probate can only be made as it is made in solemn form, and no will can be proved in solemn form with less than the whole number of witnesses, if they are to be had. We hardly think that it would be seriously claimed that a court of equity should interfere with the action of the court of ordinary in its administration of the estate of a decedent, upon the ground that a devisee was attempting to procure *aliunde* evidence to probate a will in solemn form, because one of the subscribing witnesses thereto would not swear to its existence or execution.

And if this could not be done, with how much less reason should such a proposition be entertained in the matter of the effort to establish a will alleged to have been lost. The complainant, by his bill, admits that he can produce but two witnesses who will swear to the existence and execution of the will, and on the argument, insists upon the opportunity to test the memory or the perjury of the third witness thereto. Our reply to this application is, that the

positive language of the law requires the production of a copy of the will, and that it shall be clearly proved to be such by the subscribing witnesses and other evidence. Is it in the power of a court to override a positive statute, and hold that such proof may be made by two of the three subscribing witnesses? If so, we could as well hold that one would be sufficient; and if neither of those who were alleged to have been the witnesses would testify thereto, then enjoin the administrator until the same questions of memory or perjury should be tried and passed upon by a jury, as to all.

But the question has been ruled by this court in the case of *Kitchens vs. Kitchens*, 39 *Ga.*, 168, in which it was held, that " the execution of the will must be proved by three subscribing witnesses, if in life and within the jurisdiction of the court, as in case of probate of a will in solemn form." This ruling we approve, and seeing no reason to relax the construction then placed upon the section, it is hereby affirmed.

Judgment affirmed.