## MOSELEY *vs.* EVANS *et al.*

1. Where it was sought to establish a copy in lieu of a lost will, and two of the three persons appearing as subscribing witnesses were sworn, in the absence of any attack on their credibility, evidence that they were men of good standing and entitled to credit, was inadmissible.
2. The person whose name appeared as the third subscribing witness not having been sworn as a witness, evidence that he was a man of bad character, was unworthy of belief, and had made certain statements in relation to the matter, was inadmissible.
3. Where a paper purporting to be a copy of a lost original will was sought to be, established and probated, the only evidence of the making of the will being the testimony of two of the persons whose names appeared as subscribing witnesses, the third person whose name so appeared being in court, but not sworn, and there being no evidence to show the existence of the will after the death of the testator, or that the will, if any existed, was lost or destroyed, a verdict against the paper so propounded was proper. 70 *Ga.*, 333.

Judgment affirmed.

October 23, 1883.

BLANDFORD, Justice.

---

## HARRIS, executor, *vs.* BUTLER.

1. On a careful examination of this bill of exceptions and the entire record, we are unable to find anywhere on or in either, both being attached to each other, any certificate by the clerk of the superior court that what is styled the bill of exceptions is the true original bill of exceptions, or any certificate at all about any paper in the entire package as the bill of exceptions. We have no jurisdiction, therefore, of the case, and it must be dismissed, there being here no legal writ of error.
2. On an examination of the record, it appears that the evidence required the verdict, and we are, therefore, less reluctant to dismiss the case.

Writ of error dismissed.

October 2, 1883. (Head-notes by the court.)

JACKSON, Chief Justice.