DeLOACH *v.* PLANTERS AND PEOPLES MUTUAL FIRE ASSOCIATION OF GEORGIA.

1. A paper purporting to be a brief of the evidence introduced on the trial in the court below, but which is not approved by the trial judge as correct, can not be considered by this court.
2. The only question raised by the bill of exceptions which does not depend for its decision upon an inspection of a brief of the evidence was decided adversely to the plaintiff in error when the case was formerly before this court.

Argued February 10, — Decided March 7, 1905.

Action on insurance policy.    Before Judge Daley.    Tattnall superior court.    April 4, 1904.

*W. T. Burkhalter*, for plaintiff.
*E. J. Giles* and *James K. Hines*, for defendant.

CANDLER, J.    When this case was called for a hearing in this court, counsel for the defendant in error moved to dismiss the writ of error, on the ground that no brief of the evidence introduced on the trial in the court below was incorporated in the bill of exceptions, nor was any brief of evidence approved and made a part of the record, and on the further ground that what appeared in the record sent to this court as a brief of the evidence had never been agreed upon by counsel nor approved by the court. Counsel for the plaintiff in error not being present at the argument, decision on this motion was reserved.    An examination of the record shows what purports to be a brief of the evidence ; but

the same does not appear to have been filed, nor does it appear to have been agreed to by counsel or approved by the trial judge. Under the authority of the Civil Code, § 5575, the clerk of the superior court of Tattnall county was ordered to certify and transmit to this court any entries made by the judge or by the clerk upon the brief of evidence filed. In response to this order the clerk certified that after diligent search in his office he had been unable to find any brief of the evidence; and he further stated that to the best of his knowledge and belief there was no such paper in his office at the time he assumed the duties thereof, on January 1, 1905. It is clear that under the law we can not consider what purports to be the brief of the evidence contained in the record, in determining the questions raised by the bill of exceptions. Even had counsel agreed for us to do so, in the absence of the approval of the trial judge we would have no jurisdiction to consider such a paper. For the latest decision on this subject see *Cawthon* v. *State*, 119 *Ga.* 495, in which case every member of the court as then constituted agreed that a brief of evidence not approved by the trial judge as correct can not be considered here, even in a case where counsel agree that the same may be considered. Without this brief it is impossible for us to say whether the court erred in granting a nonsuit, or in refusing to allow the plaintiff to introduce in evidence the policy of insurance sued upon.

The only other question with which we could deal, considering the state of the record, was fully decided when this case was here before. See *Planters & Peoples Asso.* v. *DeLoach*, 113 *Ga.* 803. We are satisfied that the rulings then made were correct; but whether so or not, having been so decided in this case, with the same parties before the court and upon the same facts, the question is res adjudicata. See the fourth division of the opinion of Mr. Justice Cobb in the case cited.

*Judgment affirmed. All the Justices concur.*