HARRIS *et al.* v. CAMP *et al.*

ATKINSON, J. 1. Upon the trial of an issue made upon an application for probate of a copy of an alleged lost or destroyed will, the court did not err in instructing the jury that "It is not necessary that all the subscribing witnesses shall testify to the contents of the paper, but this fact may be established by any credible testimony, whether it be the evidence of a single subscribing witness or of any other witness." Civil Code, § 3863; *Kitchens* v. *Kitchens*, 39 *Ga.* 168 (2), 172 (99 Am. D. 453); *Moseley* v. *Carr*, 70 *Ga.* 333. See also *Burge* v. *Hamilton*, 72 *Ga.* 624; *Gillis* v. *Gillis*, 96 *Ga.* 1, 17 (23 S. E. 107, 30 L. R. A. 143, 51 Am. St. R. 21).

2. On the trial of such an issue the court instructed the jury that "the contents of the will may be proved, and the presumption of the revocation by the testator which is raised by law may be rebutted by such evidence as clearly satisfies the conscience of the jury, and any evidence which is deemed by the jury credible is sufficient to establish what were the contents of the lost will." This instruction was inaccurate in part. The statement that certain evidence was "sufficient" was likely to be understood as dealing with the weight of evidence or quantum of proof on which the jury might base a finding.

3. Upon the trial of such an issue, after instructing the jury in accordance with the rule announced in *Scott* v. *Maddox*, 113 *Ga.* 795 (39 S. E. 500, 84 Am. St. R. 263), to the effect that when a will can not be found after the death of the testator there is a presumption that it was destroyed or revoked by him, and that the burden of overcoming such presumption is upon him who seeks to establish a lost or destroyed will, the court charged as follows: "This rule applies and this presumption exists only when it appears that the will remained in the possession of the party making it. If it appears from the evidence that the testator executed his will and left the same in the possession of a third party who delivered it to another third party, and the evidence does not show that it reached the possession of the testator during his lifetime, there would be no presumption that the testator destroyed it with the intention to revoke it, arising from the mere fact that the paper could not be found after the testator's death." The Civil Code, § 3863, declares: "If a will be lost or destroyed subsequently to the death or without the consent of the testator, a copy of the same, clearly proved to be such by the subscribing witnesses, and other evidence, may be admitted to probate and record in lieu of the original; but in every such case the presumption is of revocation by the testator, and that presumption must be rebutted by proof." This code section is awkwardly expressed, but, properly construed, the words "in every such case" refer to every case wherein it is sought to have admitted to probate and record a copy of a lost or destroyed will in lieu of an original; and therefore, when it is sought to prove and establish a will not to be found at the death of the testator, the propounder is confronted with the presumption that the will was revoked by the testator, and that presumption must be rebutted by proof. This presumption may be rebutted by proof that the will was lost or destroyed subsequently to the death of the testator, or prior to his death without his

consent, or that the testator did not have possession of the instrument after its execution, or that he had lost his testamentary capacity before his death, and that the will was in existence at the time the mental alienation occurred, and the like. The question whether such presumption has been overcome is for the determination of the jury in view of all the evidence and circumstances in the case and the credibility attributed by the jury to the witnesses. *Scott* v. *Maddox*, supra; Pritchard on Wills, § 50 (2). It follows that the court erred in giving the instruction last above quoted, to the effect that if the testator executed his will and left the same in the possession of another person who in turn delivered it to another, this was sufficient to overcome the presumption of revocation by the testator, where the will could not be found subsequently to his death. The production of evidence to show that the testator never again got possession of the instrument was a burden placed upon the one seeking to establish the will; and it was not incumbent on the caveators to prove that the instrument was subsequently returned to the possession of the testator.

(a) The court also erred, as complained of in the eighth ground of the amended motion for new trial, in making a concrete application of the charge which we have held to be erroneous to given phases of the case.

4. In view of the evidence tending to prove the execution of the contents and loss of the will, and that which tended to prove the correctness of the alleged copy which it was sought to establish, there was no error in admitting such copy in evidence.

*Judgment reversed. All the Justices concur.*

SEPTEMBER 30, 1912.

Probate of will. Before Judge Brand. Oconee superior court. March 25, 1911.

*W. M. Smith* and *Shackelford & Shackelford,* for plaintiffs in error. *George C. Thomas* and *Cobb & Erwin,* contra.