*Garrard & Gazan* and *E. S. Elliott,* for defendants.

---

## WOOD, administrator, v. ACHEY.

ATKINSON, J. 1. If a will be lost or destroyed before or subsequently to the death or without the consent of the testator, a copy of the same may be admitted to probate and record in lieu of the original. Civil Code, § 3863; *Harris* v. *Camp*, 138 *Ga.* 752 (3) (76 S. E. 40). In a proceeding under this law, it is material whether the original was lost subsequently to the death or destroyed without the consent of the testator during his life; and a petition to establish and probate a copy of an alleged original under the provisions of the code section cited, which does not allege whether the will was lost after the death of the testator, or that it was destroyed during his life without his consent, and does not allege any facts showing the manner of the loss or destruction of the original, is subject to demurrer. Except as herein indicated there was no merit in the several grounds of the demurrer to the petition.

2. Where a person claiming as tenant in remainder institutes an action to establish and probate in solemn form a copy of an alleged lost original will after the death of the life-tenant, who is alleged to have been the widow and sole heir at law of the testator and the devisee of all of his estate for life, and the administrator upon the estate of the life-tenant is made a party defendant and is personally served with a copy of the petition and citation issued by the ordinary, the petition is not subject to dismissal, on motion by the administrator, on the

ground that the citation has not been published, or that the heirs at law of the life-tenant are not made parties defendant in the suit.

3. In every case wherein it is sought to have admitted to probate and record a copy of a lost or destroyed will in lieu of an original, the propounder is confronted with the presumption that the will was revoked by the testator. This presumption may be rebutted by proof that the will was lost or destroyed subsequently to the death of the testator, or prior to his death without his consent, or that he had lost his testamentary capacity before his death and the will was in existence at the time the mental alienation occurred, and the like. Where evidence to such effect is submitted, the question whether the presumption has been overcome is for determination by the jury in view of all of the evidence and circumstances in the case, and the credibility attributed by the jury to the witnesses. Civil Code, § 3863; *Harris* v. *Camp*, supra.

4. In order to rebut such presumption the facts must be sufficient to do so, and be clearly proved. Civil Code, § 3863; *Kitchens* v. *Kitchens*, 39 *Ga.* 168 (99 Am. D. 453); *Mosely* v. *Carr*, 70 *Ga.* 333; *Harris* v. *Camp*, supra; 40 Cyc. § 1297 (b); 3 Wigmore on Evidence, § 2106; 2 Greenleaf on Evidence, § 688.

5. Several grounds of the motion for new trial, complaining in some instances of the admission of evidence, and in others of the rejection of evidence, were badly stated, and in some instances were insufficient to raise any question for decision. In so far as any of them were sufficient, there was no error in the rulings complained of.

6. Under the pleadings and evidence, there was no error in overruling the motion for nonsuit.

7. The evidence as to the execution and contents of the alleged lost original will was the testimony of the subscribing witnesses, unaided by written memoranda as to their recollection of the execution of the will and the attendant circumstances, which occurred shortly before the death of the testator, about 15 years before the paper was offered for probate, and the testimony of other witnesses as to statements made to them by the testator as to how he intended to leave his property. The evidence relied on as to the existence of the will after the death of the testator and its loss was testimony of certain witnesses concerning declarations by the widow of testator, who was the person described as life-tenant in the alleged will, to the effect that she had the will in her possession after the death of the testator, and that it had been lost. Upon such evidence the judge charged the jury: "The burden is upon the propounder to establish every material contention by a preponderance of the evidence. . . What is meant by a preponderance of the evidence is the weight of it. It should be stronger going to show that her contention is correct than it is going to show that the contentions of the caveator are correct; but if slightly so, that would be sufficient." *Held*, that under the ruling announced in the fourth headnote this charge was error, and under the facts it was particularly harmful to the caveator.

8. The respondent in his answer set up grounds of objection to the estab-

lishment and probate of the alleged lost original will, and also set up a prior original will of the alleged testator, with reference to which there was a prayer that it be set up and proved as the true will of the deceased. The paper was admitted in evidence without objection under an admission by the propounder that it was duly executed by the testator. On another trial the court will so frame the forms of verdict for the jury as to submit to them the question of setting up for probate this prior will.

9. Other grounds of the motion for new trial, not dealt with in the preceding notes, show no cause for reversal, nor are they of such character as to require discussion.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

No. 441. January 18, 1918.

Appeal from probate of will. Before Judge Tarver. Murray superior court. May 26, 1917.

*R. N. Steed, F. K. McCutchen,* and *C. D. McCutchen,* for plaintiff in error. *Maddox, McCamy & Shumate, W. C. Martin,* and *C. N. King,* contra.