CHRISTOPHER, administratrix, *v.* MOOTY, administrator, *et al.*

1. An instruction tending to confuse the jury as to the real issue in the case on trial was so harmful as to require a new trial.
2. In the absence of a timely and appropriate request for instruction, the charge to the jury sufficiently covered the doctrine that, in order to obtain a decree of specific performance of a contract in parol for a sale of land, the contract should be made out by evidence so clear, strong, and satisfactory as to leave no reasonable doubt of the agreement. RUSSELL, C. J., dissents.

3. The charge that the jury would make their verdict according to the preponderance of the testimony, construed in connection with the previous instruction that the plaintiffs could not recover unless they had established the contract by clear, strong, and satisfactory evidence, was not error. RUSSELL, C. J., dissents.
4. The verdict was not demanded by the pleading and the evidence.
5. The alleged cause of action was not a stale demand.
6. Other rulings complained of show no error.

No. 3159.  MARCH 3, 1923.

Equitable petition. Before Judge Roop. Troup superior court. February 8, 1922.

Mrs. J. S. Mooty, Mrs. Molly Walker, Mrs. Elizabeth Swinney, Mrs. Ava B. Lunceford, and J. R. Christopher filed their equitable petition against Mrs. R. L. Christopher Jr., as administratrix of R. L. Christopher Jr., and A. H. Thompson, and made this case: Plaintiffs and R. L. Christopher Jr. are the children of R. L. Chistopher Sr. . R. L. Christopher Jr. died on April 29, 1916, and his wife qualified as his administratrix on May 4, 1916. At the time of the death of R. L. Christopher Sr., Feb. 25, 1915, he was in possession of a tract of land (fully described in the petition), being the land conveyed by Mrs. S. C. Tyner to R. L. Christopher Jr. by deed, of the approximate value of $2500. R. L. Christopher Sr. borrowed certain money from Mrs. Tyner, giving to her a deed to said land to secure the same. He repaid all of said money except a small portion. A settlement was had between them, by the terms of which she agreed to accept $150 in payment of her claim. R. L. Christopher Jr. paid said sum to Mrs. Tyner for R. L. Christopher Sr., and took a deed to himself from Mrs. Tyner with the consent of said R. L. Christopher Sr., the latter retaining possession of said property until the time of his death. Before he died R. L. Christopher Sr. paid to R. L. Christopher Jr. the amount of money so advanced by the latter to pay the indebtedness due by Christopher Sr. to Mrs. Tyner, and Christopher Sr. demanded of Christopher Jr. a deed of conveyance, in accordance with the contract between them. Christopher Jr. promised to execute to his father a deed to said property, admitting that the debt he paid for his father to Mrs. Tyner had been paid by his father. This promise he made time and time again, but neglected to carry it out; and his father died, leaving title to said property in his son. After the death of the father, the son stated to the heirs of the father that he

became embarrassed in the spring of 1915, when it became necessary for him to borrow money, and he executed a deed to A. H. Thompson, embracing his own property and the above land of his father, to secure a loan of $810. The .son proposed to the heirs at law of the father, that, if they would allow him to collect the rents of said land for the years 1915 and 1916, he would in consideration thereof waive any claim he had as heir at law in said land, and in the meantime would pay off said loan deed; to which plaintiffs consented, and put the son in possession of said premises. The rental value of said property for 1915 was $320, and for 1916 $400, which amounted to more than the market value of the one-sixth interest of the son. In the meantime the son died suddenly, being under the contract he made with plaintiffs. Since his death his wife does not recognize said contract, and claims the right to said property as his administratrix, and insists that the title to same was in him. At the time Christopher Jr. executed the loan deed his father was in possession of the land, and the son had never been in possession thereof and had never set up title thereto. Possession of Christopher Sr. was notice to Thompson of the title of the former; for which reason said Thompson is not a bona fide purchaser without notice.

Plaintiffs prayed (1) that Thompson be decreed a mala fide purchaser with notice; (2) that, if he be decreed to be a bona fide holder, he be decreed to collect his money out of the individual property of the son, and exhaust the same before he is permitted to encroach upon this land; (3) that the contract between the son and the heirs of the father be decreed to be specifically performed, and the title to said 202-½ acres be decreed to be in plaintiffs, to the exclusion of the son; (4) that the administratrix be enjoined from collecting the rents of said property, or that in lieu she be required to give a bond to pay plaintiffs in case they recover the rents; (5) that plaintiffs be decreed the right to recover said property from the first of the year, 1917, and that title thereto be confirmed. By an amendment the plaintiffs alleged that said property was conveyed by Mrs. Tyner to R. L. Christopher Jr., on Nov. 28, 1895, by deed. Mrs. Tyner claimed that the father owed her certain money on said land, represented by certain notes which had been transferred to one Williams, who instituted an action thereon in Troup

superior court on April 17, 1894. The father denied owing the amount claimed on said notes. On November 28, 1895, a settlement was had, by the terms of which Williams agreed to accept $150 in settlement of the indebtedness. The father had his son pay said amount, under an agreement that Mrs. Tyner execute to the son a deed as security for the advance he made in settlement of the Tyner debt, and that when the father should pay to the son the money so advanced the son would execute to him a deed to the land. They further alleged that they as the heirs at law of their father inherited a five-sixths undivided interest in said land, and would be entitled to rents thereon since their father's death; and that the son had sold to them his one-sixth interest therein for the use of said lands for two years, which use he fully enjoyed. They prayed that the contract between them and the son be decreed to be specifically performed, and that they recover five sixths of the rents of said lands.

The defendants in their answer set up that R. L. Christopher Jr., on Nov. 28, 1895, purchased said land, went into possession, and paid the taxes consecutively from 1896 to date of his death in 1916, that his representative has paid the taxes thereon since his death, that the son rented out said land repeatedly since he purchased, executed security deeds thereon, improved the same, and in every way since 1895 held same by right of purchase and title. They denied the substantial allegations of the plaintiffs' petition. On the trial of the case it appeared that both the father and the son claimed these lands under Mrs. Tyner, the father claiming under a bond for title from Mrs. Tyner, dated Feb. 5, 1878, and the intestate of the defendant claiming under a deed from her, dated Nov. 28, 1895. The plaintiffs introduced evidence tending to establish their cause of action, and the defendant administratrix introduced evidence tending to establish the title of her intestate to the lands in dispute. The jury returned a verdict for the plaintiffs for the five-sixths undivided interest in the land, and for $400 mesne profits. The defendant's motion for a new trial was overruled, and error is assigned on this judgment. In the charge of the court it was stated that A. H. Thompson had been stricken from the case, both parties admitting that he had been settled with, and that the deed to him had been canceled.

*E. T. Moon* and *A. H. Thompson,* for plaintiff in error.

*S. Holderness,* contra.

HINES, J. 1. Exception is taken to this instruction to the jury: "That, if it does not appear from the evidence that R. L. Christopher Sr. conveyed the land in dispute to Mrs. Tyner or her predecessor in title, then she would have no title to convey to R. L. Christopher Jr." The errors alleged are, (1) that this instruction so limited the jury as practically to withdraw from it the real issue; (2) that it placed the burden on the defendant to prove that R. L. Christopher Sr. executed a deed to the property to Mrs. Tyner or her predecessor in title; and (3) that the court assumed that R. L. Christopher Sr. owned the land, which was denied by the defendant. The first two exceptions to this charge are well taken. The plaintiffs alleged that R. L. Christopher Sr. borrowed money from Mrs. Tyner, and executed and delivered to her his deed to secure the same. If the burden rested upon any one to sustain this allegation by proof, it was upon the plaintiffs, and not upon the defendant. But, under the view we take of the case, it was not necessary for the defendant to show title in Mrs. Tyner, as both the plaintiffs and the defendant claim under her. *Hightower* v. *Williams,* 38 *Ga.* 597; *Wood* v. *McGuire,* 17 *Ga.* 303; *Miller* v. *Surls,* 19 *Ga.* 331 (65 Am. D. 592); *Harrison* v. *Hatcher,* 44 *Ga.* 638. As this instruction might have confused the jury as to the real issue in this case, it was harmful to the defendant, and necessitates the grant of a new trial.

2. The defendant insists that the court erred in charging the jury as follows: "If they [plaintiffs] have shown that such a contract [alleged contract of 1915] as that was made, clearly, strongly, and satisfactorily by the evidence, then you will look to the evidence and see whether or not that contract was executed on the part of the plaintiffs in this case. Did R. L. Christopher Jr. enter into possession of the land in dispute, and receive the rents therefrom for the years 1915 and 1916? If you find such a contract as that was entered into, and that R. L. Christopher Jr. received the rents for those years, according to the terms of the agreement, if you find one was made, then, gentlemen, the contract should be specifically performed; and the plaintiffs in this case would have the right to recover all that

land, the entire lot of land in dispute." The errors alleged are, that (1) a parol contract for land must be proved beyond reasonable doubt; (2) that this instruction is an incorrect statement of the law, because, before the plaintiffs could recover, if at all, the contract between R. L. Christopher Sr. and R. L. Christopher Jr. must be proved beyond a reasonable doubt, and, if this was not proved, no agreement between the heirs and the intestate of the defendant would be binding, for want of consideration and mutuality. While it might have been more accurate for the court to have instructed the jury that a parol contract for land of which specific performance is sought should be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement (*Gordon* v. *Spellman, 148 Ga.* 394, 96 S. E. 1006; *Lloyd* v. *Redford, 148 Ga.* 575, 97 S. E. 523; *Allen* v. *Allen, 151 Ga.* 278 (5), 106 S. E. 81), the failure of the court to tell the jury that the proof must leave no reasonable doubt of the contract is not ground for the grant of a new trial, in the absence of a timely request for further instruction. Clear, strong, and satisfactory proof of a parol contract touching land is equivalent to proof of its existence to a reasonable certainty. *Warren* v. *Gay, 123 Ga.* 243 (51 S. E. 302); *Shropshire* v. *Brown, 45 Ga.* 175. In the last-cited case this court held that " to entitle a complainant to a decree of specific performance of a parol contract for the sale of land, the contract must first be established with reasonable certainty." This disposes of the exception to the charge of the court set out in the eighth ground of the amendment to the defendant's motion for new trial.

3. Complaint is made of this instruction of the court to the jury: " Gentlemen, you will make your verdict according to the preponderance of the testimony." The error alleged is that in cases of this kind the parol contract must be proved beyond a reasonable doubt. This instruction was given to the jury after the court had instructed them that the plaintiffs could not recover unless they had established the contract by clear, strong, and satisfactory evidence. Construed in connection with this instruction, we do not think that the charge complained of was erroneous. *Gordon* v. *Spellman,* supra.

4. Plaintiffs insist that under the pleading and evidence a

verdict is demanded in favor of themselves. The defendant insists that under the pleading and evidence a verdict is demanded in her favor. Plaintiffs base their contention on the ground that " Where a vendor of land takes notes for the purchase-money, securing their payment by reservation of title in himself, which notes he afterwards transfers without recourse and without any transfer of the reserved title to a third party, this operates as a payment of the purchase-money, the vendee's equity becomes complete, and the vendor ceases to hold any interest in the land" (*Tompkins* v. *Williams,* 19 *Ga.* 569; *Cade* v. *Jenkins,* 88 *Ga.* 791, 793, 15 S. E. 292; *Georgia Mills &c. Co.* v. *Clarke,* 112 *Ga.* 253, 37 S. E. 414) ; and that as the vendor of the elder Christopher took notes payable to herself or bearer, which she afterwards transferred to a third person without indorsing them, this had the effect of vesting the title to this land in the elder Christopher, and left no title in the vendor which she could convey to the younger Christopher. The case at bar does not fall within this ruling, for the reason that the plaintiffs allege in the petition that the younger Christopher advanced to the vendor for his father the balance of the purchase-money due upon the land, and took a deed to himself from the vendor, under an agreement between the father and the son that the latter would take a deed from the vendor to secure the money advanced by him in paying the balance due on the purchase-money, and under this agreement the son was to convey the land to the father as soon as this money so advanced was paid back. Under this state of facts, the conveyance by the vendor to the son was in effect a conveyance by the father to him; and the conveyance from the vendor under these circumstances vested title in the son.

5. It is insisted by the defendant that a verdict in her behalf was demanded, because the claim of the plaintiffs is a stale demand. We do not think that this is a stale demand. One of the theories on which plaintiffs sought to recover was that the son held these lands as security for the payment of money advanced by him for his father to pay off the balance of the purchase-money due Mrs. Tyner, that this money was paid back by the father to the son prior to his death, which occurred on Feb. 25, 1915, that this put title in the father, and that they were entitled to recover five sixths of this land as heirs at law of the father, who always retained possession and died in possession of the land.

They further assert that they are entitled to recover this land under a contract between the son and themselves, made after the death of the father, in which he agreed to renounce in their favor all his right to and interest in said land, if he were permitted to receive the rents of said lands for two years thereafter, which agreement was carried out, and under which he received said rents.  So clearly, under this statement of facts, the demand of the plaintiffs is not a stale demand. . The defendant further insists that the effort of plaintiffs is to establish by parol an express trust, which could only be created by writing.  This position is not well taken.  *Jenkins* v. *Lane,* 154 *Ga.* 454 (115 S. E. 126).

6.  The court did not err in any of the other rulings complained of.                    *Judgment reversed.  All the Justices concur.*

RUSSELL, C. J., specially concurring.  I agree in the result reached, and to all that is said in the headnotes, except that I dissent from the rulings in the 2d and 3d headnotes.  Proof of a parol agreement for the sale of lands must " be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement."  " It is a serious matter to substitute a parol sale of real estate for a deed."  *Printup* v. *Mitchell,* 17 *Ga.* 558, 567 (63 Am. D. 258).  See also *Tidwell* v. *Garrick,* 149 *Ga.* 291 (2a) (99 S. E. 872).