PEEK *et al. v.* IRWIN.

No. 6993. APRIL 13, 1929.

*J. H. McCalla,* for plaintiffs.

*George & John L. Westmoreland,* for defendant.

GILBERT, J. The exception is to a judgment refusing a new trial. The proceeding was to probate a will, and caveat was filed. The verdict was for a second time for Irwin, caveator. See *Peek* v. *Irwin,* 164 *Ga.* 450, where a detailed statement of the case may be found.

1. The evidence supports the verdict.

2. Movants for new trial complain of the following charge to the jury: "When a will can not be found after the death of the testator, there is a strong presumption that it was destroyed or revoked by the testator himself, and this presumption stands in the place of positive proof." This charge is an exact quotation of the second headnote in *Scott* v. *Maddox,* 113 *Ga.* 795 (39 S. E. 500, 84 Am. St. R. 263), which is elaborated in the opinion. It is not always proper to quote in a charge the language of a Supreme Court decision; but in this case the headnote states a correct abstract principle of law, which, in view of the evidence and the rendition of two consecutive verdicts for the caveator, will not cause a reversal, although the language is somewhat stronger than that in the Civil Code (1910), § 3863. *Kitchens* v. *Kitchens,* 39 *Ga.* 168 (99 Am. D. 453); *Harris* v. *Camp,* 138 *Ga.* 752 (76 S. E. 40); *Wood* v. *Achey,* 147 *Ga.* 571 (94 S. E. 1021).

3. Movants complain of the following charge: "Did Mrs. Irwin make the will as set out in the propounders' suit? If you find that she did not make the will as set up in the suit of the

propounders, you would return a verdict against the will." The complaint is that this charge was confusing, because the only issue was whether the will was revoked or destroyed. This charge was not error, in view of the following ground of the caveat: "Caveator further says that if the said testatrix did in fact execute an original will, a purported copy of which is attached to said petition, that the said will was destroyed by the said Lizzie Peek Irwin during her lifetime, the same being destroyed by her own voluntary act." Moreover, this ground of the motion is not mentioned in the brief of counsel for movants, save where they declare all the grounds of the motion are insisted upon, except one which was expressly abandoned. *Judgment affirmed. All the Justices concur.*