## CALLAWAY *v.* CALLAWAY.

No. 13569.    APRIL 16, 1941.

*Earle Norman* and *W. A. Slaton,* for plaintiff in error.
*Hawes Cloud,* contra.

BELL, Justice.    ■    In this proceeding to probate an alleged copy of a lost will, the caveator admitted on the trial that the decedent had sufficient mental capacity to make a will, and that she did make a will which was in existence after her death; and the only issue for trial was as to the correctness of the alleged copy.    The judge charged the jury:    (a)  "The burden of proof is on the propounder  .  .  to establish the fact that this will offered for probate in the court of ordinary is a true and correct copy of the original will made by [the decedent], which it is contended was lost.    He must prove his contentions by a preponderance of the evidence."    (b)  "The burden is upon the propounder to show you by clear and convincing evidence that the copy of the will sought to be probated is so exact a copy of the true will that there can be no question that the copy sought to be proved as a will exactly expresses the intention of the maker of the will about the disposition of her property.    In that connection I charge you that in order to probate an alleged copy of a lost or destroyed will, it is necessary to prove, among other things, that the copy is in substance and intent the same as the original."    These charges when taken together obviously meant that the propounder had the burden of proving *clearly* that the alleged copy was in fact a substantial copy of the original, and were not, as contended by the caveator, in such material conflict with each other as to mislead or confuse the jury as to the degree of proof required in such case. Code, § 113-611; *Harris* v. *Camp,* 138 *Ga.* 752 (76 S. E. 40);

*Wood* v. *Achey,* 147 *Ga.* 571 (4, 7) (94 S. E. 1021) ; *Woodruff* v. *Woodruff,* 182 *Ga.* 895 (187 S. E. 391) ; *Christopher* v. *Mooty,* 155 *Ga.* 286 (2, 3) (117 S. E. 90). This is not to imply that the second charge quoted was a correct statement of the law applicable in such case. If it stated the rule too strongly in favor of the caveator, the jury nevertheless found for the propounder, and he is not complaining.

The evidence authorized the verdict for the propounder, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*