LYONS *v.* BLOODWORTH *et al.*

No. 15094. MARCH 6, 1945.

*Pierce Brothers, Jack D. Evans,* and *Randall Evans,* for plaintiff.

*J. Roy McCracken, Casey Thigpen,* and *Stevens & Stevens,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) ■ Whether any or all of the foregoing testimony in reference to the mental condition of the testatrix after the execution of her will would be sufficient to establish a lack of testamentary capacity such as would prevent her from revoking her existing will need not here be determined. Assuming that after the execution of her will she became mentally incapacitated to revoke the same, yet, from an examination of the testimony relating thereto, there is no definite time indicated therein from which a jury would have been authorized to find that this changed condition occurred. If, after the execution of the will, and while the same was unrevoked and in effect, she lost and never regained testamentary capacity, then she could not have subsequently revoked the will. *Harris* v. *Camp,* 138 *Ga.* 752 (3) (76 S. E. 40) ; 68 C. J. 797, § 479. Construing the evidence most strongly in favor of the propounder, Dewey Lions,

it would appear that the will was in the possession of the testatrix about two months before she went to Augusta, where she died about eight or nine months later. While the propounder testified that "her mind was bad then," such testimony would not be sufficient to establish that she was incompetent to execute or to revoke a will. *Manley* v. *Combs*, 197 *Ga.* 768 (4) (30 S. E. 2d, 485).

With the will in existence and in her possession, and there being no evidence to show that at that time she was mentally incompetent to revoke the will, then, under the Code, § 113-611, "the presumption is of revocation by the testator, and that presumption must be rebutted by proof." The only evidence offered to rebut that presumption was the testimony of the propounder, Dewey Lyons, who stated: "I did not find that will after her death." It not having been shown that the testatrix lost testamentary capacity immediately after last being seen in possession of the will, the possibility of the testatrix having formed an intention to revoke the will, and having carried such intention into effect by destroying the will between the time she was seen with it by Dewey Lyons and the time she lost testamentary capacity, was not precluded. "When a will can not be found after the death of the testator, there is a strong presumption that it was destroyed or revoked by the testator himself, and this presumption stands in the place of positive proof. He who seeks to establish a lost or destroyed will assumes the burden of overcoming this presumption by adequate proof." *Scott* v. *Maddox*, 113 *Ga.* 795 (2) (39 S. E. 500, 84 Am. St. R. 263) ; *Harris* v. *Camp*, supra; *Wood* v. *Achey*, 147 *Ga.* 571 (94 S. E. 1021) ; *Peek* v. *Irwin*, 168 *Ga.* 442 (148 S. E. 88).

■ The court did not err in overruling the motion for new trial. The evidence produced upon the trial was not sufficient to authorize a verdict in favor of the propounder; and accordingly it is not necessary to rule upon the grounds of the motion in reference to objections to evidence produced by the caveators. No question is raised in the record as to the sufficiency of the probate of the missing will by reason of only two of the three witnesses to the will testifying, and by accounting for the absence of the third witness by proving that she was out of the jurisdiction of the court; and therefore no ruling is made thereon.

*Judgment affirmed. All the Justices concur.*