LOONEY *et al. v.* LOONEY *et al.*

JENKINS, Presiding Justice. Pretermitting any decision upon the question as to whether or not, under the Code, § 113-611, in propounding for probate an alleged copy of a will claimed to have been lost or destroyed

after the death of the testator, it is necessary not only to produce but to prove its execution by all three of the alleged subscribing witnesses who may be in life and available, or whether the same rule would apply as to the probate in solemn form of an existing will (see, in this connection as relating to a lost will, *Kitchens* v. *Kitchens*, 39 *Ga.* 168, 99 Am. D. 453; *Mosely* v. *Carr*, 70 *Ga.* 333; *Scott* v. *Maddox*, 113 *Ga.* 795, 39 S. E. 500, 84 Am. St. R. 263; and, as relating to an existing will, *Crutchfield* v. *McCallie*, 188 *Ga.* 833 (2), 5 S. E. 2d, 33; *Brock* v. *Brock*, 140 *Ga.* 590 (2), 79 S. E. 473; *Bowen* v. *Neal*, 136 *Ga.* 859, 861, 72 S. E. 340; *Gillis* v. *Gillis*, 96 *Ga.* 1 (2), 23 S. E. 107, 30 L. R. A. 143, 51 Am. St. R. 121; *Hall* v. *Hall*, 18 *Ga.* 40 (2)), in the instant case the record contains the evidence by which the propounders sought to show that the alleged lost will continued in existence up to the time of the testator's death, and thus to rebut the strong presumption of its revocation in the event the will ever in fact existed. On this question, even were it to be assumed that the evidence submitted, together with that offered, to show the execution and contents of the will, was conclusive in the propounders' favor on these questions—even then, and under such an assumption, the evidence introduced and the evidence offered was wholly insufficient to negative the strong presumption of law that the will had been revoked. A verdict was demanded in favor of the caveators on that question, and therefore the court did not err in directing a verdict in their favor and against the propounders. See, in this connection, *Lyons* v. *Bloodworth*, 199 *Ga.* 44 (1 a) (33 S. E. 2d, 314); *Wood* v. *Achey*, 147 *Ga.* 571 (3, 4) (94 S. E. 1021); *Harris* v. *Camp*, 138 *Ga.* 752 (3) (76 S. E. 40); *Scott* v. *Maddox*, 113 *Ga.* 795 (2) (39 S. E. 500, 84 Am. St. R. 263); *Moseley* v. *Evans*, 72 *Ga.* 203 (3).

*Judgment affirmed. All the Justices concur.*

No. 15139.   MAY 12, 1945.   REHEARING DENIED JUNE 7, 1945.

418

*Barry Wright* and *Leon & Dean Covington,* for plaintiffs.
*Lanham & Parker,* for defendants.