FLETCHER, administrator, *v.* GILLESPIE.

378

No. 15575.   October 10, 1946.

*J. G. B. Erwin, Mitchell & Mitchell,* and *W. M. Henderson,* for plaintiff in error.

*James Maddox,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) ■ This record shows that Judge Townsend, the regular judge of the circuit, ruled on the demurrers and the motion to strike, certified the exceptions pendente lite to such rulings, presided upon the trial, charged the jury and signed the judgment. Judge Porter of the Rome Circuit, while presiding for Judge Townsend in the Cherokee Circuit, approved the brief of evidence, the amendment to the motion for new trial, overruled the amended motion for new trial, and certified the present bill of exceptions. The defendant in error filed a motion in this court to dismiss the writ of error because the brief of the evidence and the amendment to the motion were approved by Judge Porter instead of Judge Townsend, and because the motion was overruled by Judge Porter and the bill of exceptions signed by him. The brief cites in support of the motion:

Code, § 70-103; *Western & Atlantic Railroad* v. *State of Georgia,* 69 *Ga.* 524; *Long* v. *Scanlan,* 105 *Ga.* 424 (31 S. E. 436); *Cutts* v. *Scandrett,* 108 *Ga.* 620 (34 S. E. 186); *Brice* v. *State,* 117 *Ga.* 466 (43 S. E. 715); *Chason* v. *Anderson,* 119 *Ga.* 495 (46 S. E. 629); *A. & W. P. R. Co.* v. *Lovelace,* 121 *Ga.* 487 (49 S. E. 607); *DeLoach* v. *Planters &c. Fire Association,* 122 *Ga.* 385 (50 S. E. 141); *Stansell* v. *Merchants and Farmers Bank,* 123 *Ga.* 278 (51 S. E. 321); *Burdette* v. *Crawford,* 125 *Ga.* 577 (54 S. E. 677); *Perry* v. *Tumlin,* 161 *Ga.* 393, 396 (131 S. E. 70); *Kennedy* v. *Ayers,* 164 *Ga.* 277 (138 S. E. 155); *Owenby* v. *Barwick,* 177 *Ga.* 878 (171 S. E. 567); and *Perry* v. *Perry,* 188 *Ga.* 477 (4 S. E. 2d, 184). All of these authorities are to the effect that a brief of the evidence and an amendment to a motion for new trial must be approved by the trial judge; and in *Cutts* v. *Scandrett,* supra, it was held that, where two judges presided in a trial of different branches of the case, there is no law for this court to review the rulings of one under a bill of exceptions certified by the other.

Code, § 6-805, which is a codification of an act of 1911, provides that, where the judge has passed on the merits of the motion for new trial, and no question as to the sufficiency of the approval of the grounds of such motion or of the brief of the evidence or of the jurisdiction of the judge to entertain the motion is raised, no question as to these matters shall be entertained by the reviewing court unless first raised and insisted on before the trial judge. To the same effect, see *Rushing* v. *DeLoach,* 149 *Ga.* 483 (100 S. E. 571); *Citizens Bank* v. *Todd,* 151 *Ga.* 475 (107 S. E. 486); *Price* v. *State,* 170 *Ga.* 294 (152 S. E. 572); *Ramsey* v. *Ramsey,* 174 *Ga.* 605 (163 S. E. 193). It follows that the motion to dismiss as it relates to the brief of the evidence and the amendment to the motion and the jurisdiction of Judge Porter to rule on the motion is without merit.

While in *Cutts* v. *Scandrett,* supra, which was a quo warranto proceeding, it was held on authority of *Western & Atlantic Railroad* v. *State of Georgia,* supra, that where two judges have presided at different times in the trial of different branches of the same case, there is no authority of law for this court to review the rulings of one under a bill of exceptions based upon the certificate of the other—it was further said in that opinion that a party complaining of errors made by the presiding judge on a preliminary

hearing was not without remedy to have such preliminary ruling reviewed, and that there was no reason why exceptions pendente lite could not be filed and duly certified as the law requires, by the judge whose decisions are excepted to, to have a final determination of the case when the same is brought to the Supreme Court for review under the general bill of exceptions, and the errors assigned in exceptions pendente lite considered and passed upon by the Supreme Court. It was pointed out that in the case there cited it had been held unnecessary for exceptions pendente lite to be filed, but that the court nowhere in that decision had implied that a party has no right to file such exceptions pendente lite and thus make them a part of the record; and that in the cited case but one judge had presided. We know of no reason why the rulings of Judge Townsend, to which he certified in the exceptions pendente lite, can not be reviewed in this bill of exceptions. It must be admitted that his certificate to the exceptions pendente lite properly and fully verified those exceptions. See *Perry* v. *Tumlin,* supra. Since the final judgment here excepted to is one rendered by Judge Porter, he and not Judge Townsend was the proper one to certify and approve the bill of exceptions seeking to review that judgment. The motion to dismiss is denied.

■ The petition alleged that the will was in existence after the death of the testator and had been either lost or destroyed. A copy was attached to and made a part of the petition. These allegations conform to the requirements of Code, § 113-611, and the petition was not subject to the general demurrer. The amendment, correcting one initial of the witness Pulliam, where it appeared both in the attached copy of the will and the petition, alleged that by mistake and inadvertence the wrong initial had originally been inserted, was not subject to the motion to strike, and the court did not err in allowing the amendment. Neither was the amended petition subject to the special demurrer, upon the ground that the allegation that the will had, since the death of the testator, been either lost or destroyed, was in the alternative, and that the propounder should be required to elect to stand upon one or the other and specify the circumstances under which the will was lost or destroyed. The decision in *Wood* v. *Achey,* 147 *Ga.* 571 (94 S. E. 1021), relied upon to sustain this demurrer, dealt with a case where the allegation did not show whether the alleged will was

destroyed before or after the death of the testator. It has no application here and does not sustain the demurrer.

Nor is there merit in the exception to the ruling disallowing the caveator's amendment, which sought to plead laches as a bar. This is a proceeding at law, to which the equitable bar of laches does not apply. Code, § 3-712; *Wood* v. *City Board of Plumbing Examiners,* 192 *Ga.* 415 (15 S. E. 2d, 486) ; *Louther* v. *Tift,* 20 *Ga. App.* 309 (93 S. E. 70), and cit. There is no merit in any of the assignments of error in the exceptions pendente lite to the rulings on the pleadings.

■ Special ground 1 excepts to a portion of the charge in which the court—after reading to the jury sections 113-614 and 113-615 of the Code, wherein the executor named in a will is given the right to offer the same for probate, and required to offer the same as soon as practicable after the death of the testator, and qualify unless restrained by the will within twelve months after the same is admitted to record—then instructed the jury that, if they found from the evidence that the will was accessible to the executor named after the death of the testator, the jury could take the fact that he failed to offer the will for probate into consideration, to go to the credibility of the executor as a witness; and that, if the jury found that the executor testified that the will was in existence after· the death of the testator alleged to have made the same, and it was accessible to him, the jury could take his failure to probate into consideration as going to his credibility, and for that purpose only. The criticism is that the charge illegally restricted the consideration of the evidence, and that, in disallowing the jury to consider the delay in filing the will for probate as a circumstance against the propounder's contentions, and especially the contention that the will was actually in existence after the death of the testator, harmful error was committed.

On an investigation of the issue of devisavit vel non, admissions of an executor before qualification shall not be admissible in evidence to probate the will, except where such admissions are in reference to the conduct or acts of the executor as to some matter relevant to the issue. Code, § 113-616. In *Brown* v. *Kendrick,* 163 *Ga.* 149 (135 S. E. 721), this section was construed, and it was held that the general rule was that such admissions were inadmissible, yet, where they were as to the conduct or acts of the executor

as to matters relevant to the issue on trial, they were admissible on the issue of devisavit vel non.

Here, we have the alleged executor and legatee, in a proceeding to establish and probate a lost will, admitting while on the witness stand as a witness in his own behalf that he had knowledge of the existence of the alleged will within six weeks after the death of the testator and made no attempt to probate the same for approximately three years, during which time he knew that the life tenant under the will, the wife and sole heir of the alleged testator, had applied for and obtained the appointment of an administrator of the estate. While it is true that these circumstances go to the credibility of the executor as a witness, they are also evidence in the case relative to the issue as to whether or not the alleged will was in existence after the death of the testator. The evidence being relevant, it was error for the court, in the charge complained of, to restrict the jury's consideration thereof to the sole question of the credibility of the executor as a witness.

■ Special ground 2 complains of a charge, where the court read the Code, § 113-611, to the jury, and then charged that the burden was upon the propounder to prove his case by a preponderance of the evidence, and this rule applied to all of the case with the exception of the execution and attestation of the will itself; that in this case the actual signing and attestation of the will, that is, the witnessing of the will by the three witnesses must be clearly proved, which is a character of proof different from a preponderance of the evidence; and that it must be clearly proved by the subscribing witnesses and other evidence. This charge is excepted to upon two grounds: (1) That it allowed proof of the content of the will by a mere preponderance of the evidence, whereas under the Code, § 113-611, this must be clearly proved; and (2) that it allowed proof of the execution of the will by "other evidence," whereas under the Code section just cited it must be made by the subscribing witnesses only.

Precisely what must be clearly proved is stated in unambiguous language in the Code, § 113-611. It is there provided that, if the will has been destroyed before the death of the testator without his knowledge or lost or destroyed subsequently to his death, "a copy of the same, clearly proved to be such by the subscribing witnesses and other evidence, may be admitted to probate and record in lieu

of the original." The quoted language is a plain mandate of the law that the "copy" must be clearly proved. The copy in its entirety embraces, not only the signatures of the testator and the witnesses, but the content of the will as well. There is nothing in the law that justifies a division of the copy into two parts, one of which contains the signatures and the other the content. The clear-proof rule, therefore, applies to everything which composes the copy of the will. The charge excepted to expressly restricts the clear-proof rule to the signatures of the testator and the witnesses, thereby rendering it inapplicable to the proof of the content. The charge was subject to the criticism made, and the court erred in charging that the rule applied only to the signatures, and that the preponderance rule applied on all other issues. It would seem that an instruction quoting the exact language of the Code would be adequate and full enough in charging as to the quantum of proof in such a case. The other attack upon this charge is dealt with in division 5 of this opinion, and held to be without merit.

■ Special grounds 3 to 9, inclusive, except to the introduction of evidence, over objection that the execution of the will had not been proved by the witnesses, and that the evidence was an attempt to prove the execution by evidence other than the testimony of the subscribing witnesses. The general grounds of the motion for new trial challenge the sufficiency of the evidence, and it is contended that these grounds should be sustained because the execution of the will was not proved by the available subscribing witnesses. All of the grounds thus relating to the same legal question will be dealt with in this division of the opinion. The decisive question, therefore, is whether or not evidence other than the testimony of the subscribing witnesses is admissible for the purpose of proving the execution of the will. An affirmative answer will be fatal to all of the grounds. As contended by the caveator, it was held by this court in *Kitchens* v. *Kitchens,* 39 *Ga.* 168 (99 Am. D. 453), *Moseley* v. *Carr,* 70 *Ga.* 333, and *Scott* v. *Maddox,* 113 *Ga.* 795 (39 S. E. 500, 84 Am. St. R. 263), that the execution of a will must be clearly proved by the subscribing witnesses, and that other issues in a case for the establishment and probate of a copy of a lost will may be proved by other evidence. It should not be overlooked, however, that in each of the cases relied upon, after making the ruling above stated, it was added

"as in case of probate in solemn form." By the Code, § 113-602, it is provided that probate in solemn form is proving the will "by all the witnesses in life and within the jurisdiction of the court, or by proof of their signatures and that of the testator, if the witnesses are dead or inaccessible." This law directs that on an application to probate in solemn form the proof be made by the witnesses, yet this court has repeatedly ruled that such proof may be made by any legal evidence, and is not limited to the testimony of the subscribing witnesses, and despite the fact that the witnesses may testify against the will. *Hall* v. *Hall,* 18 *Ga.* 40; *Gillis* v. *Gillis,* 96 *Ga.* 1 (23 S. E. 107, 30 L. R. A. 143, 51 Am. St. R. 121); *Bowen* v. *Neal,* 136 *Ga.* 859 (72 S. E. 340); *Harris* v. *Camp,* 138 *Ga.* 752 (76 S. E. 40); *Crutchfield* v. *McCallie,* 188 *Ga.* 833 (2) (5 S. E. 2d, 33). While the statute requires the production of the witnesses at the hearing, it does not place the fate of the will solely upon the memory or integrity of such witnesses. The question for adjudication in such cases is whether or not the instrument offered is a will, and such a case is a proceeding at law, and the judgment of the court may be predicated upon any legal evidence. Indeed, the object of any legal investigation is the ascertainment of the truth, and for the discovery of such truth the law seeks to obtain evidence from the purest sources. Code, § 38-101. To allow the lack of memory of the subscribing witnesses or perjury by such witnesses to destroy a valid will, when other evidence from pure sources is available to establish the validity of the will, would be to pervert this fundamental principle of law.

The provision of Code, § 113-611, that the copy of the missing will be "clearly proved to be such by the subscribing witnesses and other evidence," no more limits proof of the execution of a will to the testimony of the subscribing witnesses than does the above-cited section relating to probate in solemn form. Indeed, it expressly authorizes the introduction of "other evidence" for the same purpose for which it authorizes the testimony of "subscribing witnesses." When we look to the applicable Code section, it is obvious that the execution of the will may be proved by other evidence when the available witnesses have been produced. And when we look to the decisions upon which the caveator relies for support of a contrary contention, it is found that they too assert

that proof of the execution of the will must be made as in case of probate in solemn form. We have shown above that in case of probate in solemn form evidence other than the testimony of the subscribing witnesses is admissible for the purpose of proving the execution of the will. On this question there appears to have been much doubt, but we think that the foregoing removes it; and we now rule that proof of the execution of a will in case of probate in solemn form and proof of the execution of a will in a case to establish and probate a copy where the will is missing may be made in precisely the same manner and by the same character of evidence; and in both evidence other than the testimony of the subscribing witnesses, after the available witnesses have been produced at the hearing, is admissible for the purpose of proving the execution of the will, and in each this may be done despite the testimony of the witnesses against the will.

Nothing to the contrary of what we have just ruled was held in *Smith* v. *Smith*, 151 *Ga.* 150 (106 S. E. 95). There it was admitted that one of the witnesses was dead, and the two living witnesses were not produced upon the hearing, but it was admitted that if produced they would testify that they had no recollection of witnessing the will offered, though they may have done so. There was no proof of the execution of the will, though evidence was adduced which showed the existence and content of the will and its destruction by fire after the death of the testatrix; and it was held that the evidence did not authorize the verdict setting up the will and admitting it to probate. There could be no doubt of the insufficiency of the evidence when it appeared that none was offered to prove the execution of the will. That was not a case of proof of the execution by evidence other than the testimony of the witnesses. Two of the alleged witnesses in the instant case were produced and testified upon the hearing. The absence of the third because of insanity was proved, apparently to the satisfaction of both sides since his absence is not urged here as an attack upon the verdict. The witness Paschall, who drew the will, testified to its execution by the testator, and that he and the other two named witnesses signed the same in the presence of the testator, who had previously signed in the presence of each. He testified to the content of the will, stating that the entire estate had been given to the testator's wife during her life, and at her

death to the propounder, R. J. Gillespie, and his son, Robert Jr., share and share alike; that the propounder had been named as executor, and relieved from giving bond or making inventory; and that to the best of his recollection Otto Langford had signed as one of the subscribing witnesses. Langford testified that he was present and saw the will executed and witnessed by Paschall and Pulliam, but could not remember whether he signed as a witness or not. He further testified that he did not recall ever having signed his name as "Otto" in witnessing any paper, that he had always signed his initials "O. C.," and that he did not believe that he had signed this will as "Otto Langford." As to the content, he agreed with the testimony of the witness Paschall, except that he believed that the bequest to Mrs. Gillespie was for life or during widowhood. There was other evidence tending to show the execution of the will. Whether the failure of the witness Langford to remember, and, hence, to testify that he had signed as a witness amounts to a failure to prove the execution of the will by this witness or not, proof of its execution by the other witness Paschall and by the other evidence and by Langford's testimony was sufficient under the law. The testimony of Paschall that according to his best recollection Langford signed as a witness was legal evidence of that fact. *Mimbs* v. *State, 2 Ga. App.* 387 (58 S. E. 499); *Dublin &c. R. Co.* v. *Akerman, 2 Ga. App.* 746, 749 (59 S. E. 10); *Holcombe* v. *State, 5 Ga. App.* 47 (6) (62 S. E. 647). The verdict was supported by the evidence. These grounds are without merit.

■ The caveator excepts to the ruling admitting the copy of the will in evidence, over the objections that its execution had not been proved, and that there was a material variance between it and the evidence. The ruling in the preceding division of this opinion controls adversely to the caveator the first ground of objection. It is contended in the second ground of objection that the material difference between the evidence and the copy of the will is that the witness Langford testified that the widow was to receive thereunder all the estate for life or during her widowhood, whereas the copy shows that she was to receive the property for life. The testimony of Paschall and the other evidence shows that the widow was to receive the property for life, and, hence, there is no variance between this evidence and the alleged copy.

In *Woodruff* v. *Woodruff*, 182 *Ga.* 895 (187 S. E. 391), there was a material variation between the alleged copy of the will and all of the evidence as to the content thereof; and the facts here are materially different from the facts in that case. The ruling there is inapplicable here. The copy of the will was not inadmissible for either of the reasons stated in the grounds of objection.

*Judgment reversed. All the Justices concur.*