28  537
96  205

# BOND *vs.* WHITFIELD, Adm'r.

Under the act of 1856, notice of a proceeding to establish a lost or destroyed paper, must be served *personally* on the party, if to be found within the State; and if not, published in some public gazette within the State for the three months; and if a party residing out of the county be served by leaving a copy at his residence, the proceeding is void. If the proceeding be against the drawer of a draft, the acceptors should be made parties.

Complaint, in Baker superior court. Tried before ALLEN, Judge, at May Term, 1859.

This was an action by Matthew Whitfield, administrator of John Tompkins, deceased, against James Bond,

on a copy draft, which had before been established by proceedings had for the purpose, in lieu of the original which was lost.

The following is a copy of the draft sued on :

"$2644 81.                ALBANY, GEO., March 26, 1857.

On the first day of December next please pay to estate of John Tompkins or order, twenty-six hundred and forty-four dollars and 81 cents, value received and charge to account of                        Yours, respectfully,

JAMES BOND.

To Messrs. SIMS & CHEEVER, Albany, Ga."

With the following endorsements :

" Sims & Cheever."

" Noted for nonpayment, Dec. 4th, 1857."

" Protested, Dec. 5th, 1857, by G. Rush, Not. Pub."

Before going to the jury with the case, the defendant filed a plea to the jurisdiction, on the ground that he did not reside in Baker county at the commencement of the suit, but that he then resided, and now resides, in the county of Muscogee.

Plaintiff demurred to this plea, on the ground that it was not filed at the first term of the court, nor was the same sworn to by defendant. The court sustained the demurrer and ruled out the plea, and defendant excepted.

Plaintiff then tendered in evidence the record of the proceedings establishing the lost draft, containing a copy of the note established—the petition for the same, wherein Mathew Whitfield, as administrator aforesaid, was plaintiff, and James Bond was defendant, and the entry of the sheriff thereon that he had served " James Bond with a copy of the within by leaving a copy at his most notorious place of abode, 20th April, 1858 ;" and the judgment establising the copy draft attached in lieu of the lost original.

Defendant objected to the introduction of this evidence on the following grounds :

Bond vs. Whitfield, adm'r.

1st. Because plaintiff showed no title to the original draft or bill.

2d. Because the original draft of which the paper exhibited purported to be an established copy, was void as a draft or bill, not being payable to any person.

3rd. Because the paper exhibited was not a copy of the original draft established in terms of the statute in such case made and provided, so as to charge defendant thereon, without further proof of the existence of the original.

4th. Because the judgment establishing said copy draft was improvidently granted and void, for this, that the acceptors thereof, Sims & Cheever, were not made parties to the proceeding or cause in which said judgment was rendered—had no notice of the same, and no reason given why they were not made parties, and the paper was established as to them as well as to defendant.

5th. Because said copy draft had not been established in lieu of the original lost, as provided by law, so as to be evidence of a debt as against the defendant.

It was admitted that the acceptors, Sims & Cheever, at the time of the proceeding to establish the copy draft, did not reside in Baker county, but that they did then, and now reside in the county of Dougherty.

After argument, the court overruled the objection on all the grounds taken, and admitted the record in evidence, and defendant excepted.

The jury found for the plaintiff the full amount of the draft ; whereupon defendant tenders his bill of exceptions and assigns as error the rulings and decisions above excepted to.

LYON, IRVIN & BUTLER, for plaintiff in error.

VASON & DAVIS, *contra*.

*By the Court.*—LUMPKIN, J., delivering the opinion.

When the exemplification was tendered in evidence, in this case, it was objected to, 1st, because the defendant had not been properly served with notice of the proceedings to establish the lost paper; and, 2dly, because the acceptors should have been made parties.

By the 2d § of the act of 1856, (Pamphlet 338,) it is required, that the rule Nisi, to establish lost or destroyed papers, should be served personally on the party, if to be found within the State; and if not, published in some public gazette of the State for three months.

In this case, neither of these statutory requirements was complied with. A copy of the rule was left, as the sheriff certifies, at the notorious place of abode of the defendant; which was out of the county where the proceeding was instituted.

This cannot be considered served under the law, and consequently, the whole proceeding is void.

If this were a proceeding in chancery, there could be no doubt but that the acceptors would have to be made parties. Is there any reason why they should not be in this common law proceeding, which is substituted for that in chancery? The mode pointed out for effecting service, seems to contemplate that some of the parties will reside out of the county. We see no constitutional objection on the score of residence to making the acceptors parties.

Judgment reversed.