Bond *vs.* Whitfield.

BOND *vs.* WHITFIELD.

1. To make a paper established as a copy of a lost paper, under the Act of 5th March, 1856, evidence in a suit brought under that act, against any person, a party to that paper, it must have been established, so as to bind all parties liable under it. It must have been so established as to take the place of the original.
2. If an inland bill of exchange shall have been accepted, and noted and protested for non-payment, and then lost, a copy of it, attempted to be established under the Act of 5th March, 1856, in order to make it evidence against the drawer, in an action brought under the provisions of that act, must have been so established as to bind the acceptors also.

Complaint, in Baker Superior Court. Tried before Judge ALLEN, at the November Term, 1860.

The single question in this case arose out of the following state of facts, to-wit:

Matthew Whitfield, as administrator of John Tompkins, deceased, instituted proceedings, in Baker Superior Court, to establish a lost draft, of which the following is a copy, to-wit:

"ALBANY, GEO., March 26, 1857.

"On the first day of December next, please pay to the estate of John Tompkins, or order, twenty-six hundred and forty-four dollars and eighty-one cents, value received, and charge the same to the account of yours, respectfully,
                                        JAMES BOND."
"To Messrs. Sims & Cheever, Albany, Geo."

Across the face of this draft was written the following: "Sims & Cheever." Also the following: "Noted for non-payment, December 4th, 1857; protested 5th December, 1857, 1y. G. Rust, Not. Pub."

The petition prayed for a rule *nisi*, against Bond alone, and the rule issued against, and was served on, him alone, and at the term of the Court, to which the rule *nisi* was made returnable, the Court passed the following order:

"Upon hearing the above and foregoing petition, it is ordered, that the same be granted, and that the copy draft

attached, be, and the same is hereby established, in lieu of the lost original, and that the Clerk of this Court do furnish the plaintiff with a certified copy of this proceeding, upon the payment of the costs thereof."

Simultaneously with the proceeding to establish the copy draft, the plaintiff, Mathew Whitfield, brought suit in said Court, against said Bond, to recover the amount of the draft.

On the trial of the case, at the November Term, 1860, the plaintiff offered in evidence a duly certified exemplification of the proceeding to establish the copy of the draft, to the introduction of which, counsel for defendant objected, on the following grounds, to-wit:

1st. Because the paper shown, was not a copy of the original draft, and was not established in terms of the law, so as to charge the defendant with the same.

2d. Because the order or judgment of the Court establishing said copy draft, was improvidently granted, and is void, because the acceptors of said draft, " Sims & Cheever," were not made parties to the proceeding to establish said copy draft, and had no notice of the same, and there is no reason or excuse given in said exemplification, for not making them parties thereto, and establishing the paper as to them, as well as to the defendant.

3d. Because Sims & Cheever, being the parties primarily liable, and defendant only liable as security for them on said draft, they should have been made parties to the proceedings to establish said draft, and the same should have been established as to them, as well as to the defendant, which not having been done, the draft established is only partially established, and is not, therefore, a copy of the lost original.

The presiding Judge overruled the objection, and admitted the testimony, on the ground that the acceptors were not necessary parties to the proceedings to establish said draft, and on the further ground, that the objection came too late.

This decision is the error complained of in this case.

IRWIN & BUTLER for plaintiff in error.

VASON & DAVIS for defendant in error.

Bond *vs.* Whitfield.

*By the Court.*—JENKINS, J., delivering the opinion.

The defendant in error proceeded, simultaneously, (under the Act of 5th March, 1856, Pamph., 238), to establish a copy of a bill of exchange drawn by plaintiff in error, and to institute suit against said drawer, on the lost paper.

The bill was drawn upon Sims & Cheever, and by them accepted, and had been noted for non-payment.

On the trial of this case, the plaintiff below offered in evidence a certified exemplification of the proceeding to establish a copy of said lost draft, or bill of exchange. From this exemplification, it appeared that a formal order had been passed *nem. con.*, establishing a copy thereof. But it also appeared that Sims & Cheever, the acceptors, had not been made parties to that proceeding, and were, therefore, not bound by the judgment of the Court establishing it. In other words, there had been no copy of the lost paper established as to them.

On this ground, the evidence offered was demurred to. The Judge overruled the demurrer, first, on the ground that the acceptors were not necessary parties to the exemplified proceeding; and secondly, on the ground that the objection came too late; should have been taken against the passage of the order in the exemplified proceeding, and this is the judgment excepted to.

The object of the proceeding, under the Act of 1856, was to establish a copy of a lost paper, and that was the authority conferred by the act.

What was the lost paper? It was a draft or bill of exchange, drawn by Bond, the plaintiff in error, in favor of defendant in error, upon Sims & Cheever, by them accepted, and afterwards protested for non-payment. Such was the paper when lost. The proposition will scarcely be denied, that in legal contemplation, the established copy must have all the essential elements of the lost original. If it be a negotiable commercial security, the copy must specify the sum of money to be paid, and the time of payment. It must

have all the parties appearing upon the lost original. Their mutual relations and liabilities must be unimpaired. These are essential elements, and if they, or any of them be lack-ing, in the copy established, it is not an established copy *of the original.* In this case, it is conceded, that every thing was done necessary to the establishment of the copy, except as to the acceptance of Sims & Cheever, and the noting and protest for non-payment. Had the paper been lost before the acceptance of Sims & Cheever, what was done would have been sufficient to establish a copy. But it appears that it had been accepted by them. This acceptance, connected with this commercial security, a new party—a party assum-ing a primary liability, it materially varied the liability, and changed the relations of Bond, the drawer, as a party to the bill. After the acceptance, and loss of the paper, nothing is, nothing can be, a copy of it, which omits the acceptance. Even in what is called the established copy, appearing in this record, we find the words "Sims & Chee-ver," so written across the paper, as to denote the acceptance of persons to whose names those words answer. The defend-ant in error, or his counsel, could not get away from the idea that those names, occupying that position, in the original, must appear in the same position in the copy, and hence they were placed there. But the misfortune of the defendant in error is, that, as appeared by inspection of his own record, that portion of the copy was not *established.* It could not be established, without making Sims & Cheever parties to the proceeding. They were not made parties; therefore, in that proceeding, their *acceptance* was not *established.* The consequence is, that the paper, purporting to have been established, was not established, as a copy of the lost original. That had elements, had parties, which this has not. In that the relative liability of the plaintiff in error was different from what it is in this.

It is no answer to say that it was established against Bond, who was the only party defendant below. The privilege given by the Act of 1856, to the party losing the original, is to establish a copy of it, and then to use that copy as he

might have used the original. But before he can so use it, he *must*, in the form prescribed, have established a copy of it. It was not to be a copy in *hæc verba et litera*, but it must be a copy in *substance*. The parties to the paper, and their relative liabilities, are matters of substance. Under this act, there can be no recovery against a party secondarily liable upon a copy which does not also fix the liability of the party primarily liable.

But it is said this exception comes too late; that the plaintiff in error should have taken it in the proceeding, the exemplification of which was here tendered in evidence. In our view, this is no reply. We think there is an inherent defect in this paper, originating in the failure of the defendant in error to comply with the requisitions of the remedial Act of 1856, the aid of which he invokes. In this case he has chosen to rely, as his cause of action, upon a copy of a lost paper, established under the Act of 1856, but when he offers his evidence, it appears upon its face that it is not an *established copy of the lost original.* He might have made it so, but he did not. Having failed to comply with the requisitions of the act, he cannot claim its benefit. The judgment of the Court below must be reversed.

Judgment reversed.