WOODRUFF, guardian, *et al.* v. WOODRUFF *et al.*

ATKINSON, Justice. This was a proceeding to probate an alleged copy of a will, it being alleged, (a) that the original was destroyed without the consent of the testatrix; (b) that its destruction was induced by fraud and undue influence exerted upon the testatrix by a named heir at law; and (c) that the testatrix was insane at the time of its destruction. A caveat was filed, and upon a trial in the superior court, after an appeal from the court of ordinary, the court ordered a nonsuit. To this judgment the plaintiff excepted. The alleged copy purported to give all of the property of the testatrix, both real and personal, without restriction or limitation, to named devisees, who were minor nieces of the testatrix, and to nominate a designated brother of the deceased as executor; whereas from the evidence it appeared that the original will had bequeathed only the real estate to such devisees, with a restriction that the timber situated thereon should not be sold until the devisees arrived at the age of 21 years, and that the will had bequeathed all of the per-

sonalty to other relatives, and nominated a different brother as executor. *Held:*

1. In order to probate an alleged copy of a lost or destroyed will, it is necessary to prove, among other things, that the copy is in substance and intent the same as the original. Code, § 113-611; *Bond* v. *Whitfield,* 32 *Ga..*215; *Jefferson* v. *Bowers,* 33 *Ga.* 452; In re Ellis, 55 Minn. 401 (56 N. W. 1056, 23 L. R. A. 287, 43 Am. St. R. 514); Preston *v.* Preston, 149 Md. 498, 513 (132 Atl. 55); 68 C. J. 1034, § 831.

2. The evidence adduced contained a material and substantial variation from the allegations made in the application for probate; and for this reason, regardless of other questions, the court did not err in granting a nonsuit. *Judgment affirmed. All the Justices concur.*

No. 11220. July 16, 1936.

*R. Carter Pittman* and *J. H. Paschall,* for plaintiffs.
*Maddox, Matthews & Owens* and *J. G. B. Erwin,* for defendant.