A. F. STURM, APPELLANT, V. ROY L. KLAURENS, EXECUTOR, APPELLEE.

2 N. W. (2d) 319

FILED JANUARY 30, 1942.   No. 31220.

*J. C. Travis,* for appellant.

*Lloyd E. Peterson* and *W. A. Robertson, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is an action to recover the amount due on a lost promissory note dated July 28, 1925. The names of the makers as they appear on a copy of the note are James Miller and Henry Gruber. A. F. Sturm was named as payee and on March 29, 1940, he presented to the county court of Cass county for allowance his claim against the estate of Henry Gruber, deceased, for the unpaid debt due on the note. The claim, for want of proof to support it, was disallowed by the county court on objections by the legal representative of the Gruber estate and Sturm appealed to the district court wherein, as plaintiff, he alleged in his petition among other things:

"That during his lifetime Henry Gruber, now deceased, for valuable consideration, made, executed and delivered to

plaintiff a certain promissory note in words and figures as follows:

" 'Nehawka, Nebraska, July 28, 1925.

" 'One year after date, we, or either of us, promise to pay to A. F. Sturm, or order, $753.34, Seven Hundred Fifty Three & 34/100 Dollars for value received, payable at Nehawka, Nebraska, with interest at the rate of 8 per cent. per annum, payable annually, from date and 8 per cent. after maturity until paid.

" 'The makers and endorsers hereby severally waive presentment, demand, protest, and notice of nonpayment, and each hereby agrees that any holder may extend the time of payment for any or all of said makers or endorsers, and each of us hereby personally charge our own separate estate with the payment of this note.

" 'James  Miller
" 'Henry  Gruber.'

"That the said Henry Gruber during his lifetime made the following payments upon said note, said payments being endorsed upon said note, as follows:

" 'Paid  Jan. 18,  1927        $60.24  by  Miller & Gruber
" 'Paid  Dec. 26,  1928        145.00   "       "     "      "
" 'Paid  Oct.  9,  1933          5.00   "   James  Miller
" 'Paid  Oct.  5,  1935          5.00   "   Henry Gruber'

"Plaintiff is the owner and holder of said note.

"That there is due and owing plaintiff from defendant upon said note the sum of $1,416.18 as of March 28, 1940, together with interest at the rate of 8 per cent. per annum since said last named date."

The cause was tried before a jury in the district court on issues raised by a general denial in an answer to the petition.  At the close of plaintiff's evidence both sides moved for a peremptory instruction.  The trial court nevertheless submitted the case to the jury and on a verdict in favor of defendant the action was dismissed.

Counsel for plaintiff contends and confidently argues that every fact essential to plaintiff's right to recover the amount due on the note was proved by undisputed evidence, that

a verdict for plaintiff should have been directed, that the case was erroneously submitted to the jury, that the dismissal should be set aside and judgment entered in favor of plaintiff.

Counsel for the Gruber estate insist that it was incumbent on plaintiff as a condition of recovery under the issues to prove that James Miller executed the note, that there was no evidence that he did so and that consequently there was in plaintiff's proofs a fatal defect which prevented a recovery in any event and required the dismissal from which the appeal was taken.

The note was dated July 28, 1925. It was payable one year thereafter. Plaintiff waited until after the death of Miller and Gruber before filing his claim March 29, 1940. Neither the estate of Miller nor a legal representative thereof was a party to the action. The obligation pleaded in the petition was joint and several. In addition, as indicated by a copy of the note, each purported maker charged his separate estate with payment. A. L. Tidd, an attorney, testified he received the note for collection, that it was lost in his office and that the instrument offered and admitted in evidence in lieu of the original note was a true copy thereof. There is, however, no competent or sufficient evidence to prove that James Miller executed the lost note. The copy is in a form permitting either maker, if compelled to pay the debt, to resort to the estate of the other for contribution. The note was not lost through fault of Miller or Gruber. The misfortune of payee should not be visited on those whose names appear as makers. A copy of a lost promissory note as evidence in an action to recover the unpaid debt should be such as to serve the purposes of the original if presented in court with the genuine signatures of the makers properly shown. *Jefferson v. Bowers,* 33 Ga. 452; 2 Jones, Commentaries on Evidence (2d ed.) 1492; 8 Ency. of Evidence, 362, sec. 4; *Cohen v. Swanson Petroleum Co.,* 133 Neb. 581, 276 N. W. 190; 38 C. J. 260. The rule applicable has been explained as follows:

"Surely, in the case of a paper which purports to have been executed by several persons, the fact that it was executed by each and every one of them is vitally essential; and where a copy is produced having affixed thereto the names of several persons as makers, and there is no satisfactory proof of the due execution of the alleged original, save as to one only of the makers, that copy cannot be established so as to take the place of the original. The cases of *Bond v. Whitfield,* 28 Ga. 537, and 32 Ga. 215, and *Jefferson v. Bowers,* 33 Ga. 452, may be cited as directly in point." *Neely v. Carter,* 96 Ga. 197, 23 S.E. 313.

The petition did not allege and plaintiff did not prove that the name of James Miller on the original note as maker was his genuine signature. It follows that plaintiff did not make a case and that the county court, the district court, and the jury, reached the right conclusion. The dismissal is

AFFIRMED.