BASSETT *v.* HUNTER.

418

No. 16682.  June 15, 1949.

*M. G. Hicks* and *Charles Culbert,* for plaintiff in error.
*Matthews, Owens & Maddox,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ The first special ground of the motion for a new trial complains of the following excerpts from the charge to the jury: "The question you are to decide, gentlemen, is whether this will was executed by the deceased, . . [the testatrix], and if she did, whether she was in a sound and disposing mind and memory.

The caveator, the husband, in his caveat, sets forth two grounds. The first ground is that she was not of sound and disposing mind and memory at the time of the execution of the will, and therefore incapable of executing a valid will. And the third ground was that the testatrix was deceived, fraud was practiced upon her in the execution of the will, and for those reasons the will should not be probated. Those grounds are denied by the petitioner, who files an application for probate in solemn form of the will of the testatrix in question, and that is the issue which you are to settle by your verdict, gentlemen, whether she was or was not capable of making and executing a valid will at the time the will was executed, if one was executed." "And the defense of the defendant being what is known as an affirmative defense, mental incapacity and deceit and fraud, that testatrix did not have mental capacity to make a will or that fraud was practiced upon her, then I say the burden would be on the defendant." "And if the jury finds that the testatrix had sufficient mental capacity at the time of the making of the will, the jury cannot lawfully set aside the will." "The only question in this case for you to determine is whether, at the time that will was made, she had sufficient testamentary capacity to understand and know and realize rationally what she was doing, and if she did, that was her exclusive right and province." "The court has undertaken to give these rules of law when passing upon the two issues raised by the caveator in this case, whether there was any fraud or deceit practiced upon the testatrix or whether she was of sound mind and memory, competent and capable of disposing of property at the time of the execution of the will. If you find that she was so capable, gentlemen, had that understanding about which I have been charging you, no fraud and no deceit was practiced on her, then you ought to find in favor of the probating of the will. On the other hand, if you find that she did not have this testamentary capacity, this understanding about which I have been charging you, this capacity to make a will and dispose of her property, conscious of what she was doing, or that deceit or fraud was practiced upon her to vitiate that will, then you ought to find against the probate of the will, and your verdict will be as you may determine the truth of the transaction to be."

The language of these several excerpts from the charge, when considered in connection with the entire charge, is not subject to the criticism that it was "confusing to the jury in that it limited their consideration to only a portion of the caveat to the will and effectively eliminated from the consideration of the jury the question as to whether or not the will was signed and witnessed before or after the testatrix signed."

■ The second special ground complains of the charge: "And the defense of the defendant being what is known as an affirmative defense, mental incapacity, deceit and fraud, that testatrix did not have the mental capacity to make a will or that fraud was practiced upon her, then I say the burden would be upon the defendant in that case to prove by a preponderance of the evidence that all the material allegations of his contentions, that is the contention of . . the caveator, are true." The criticism is that the court erred in charging that the burden was upon the caveator to prove all the material allegations, whereas the caveat should have been sustained if any of the grounds therein was established.

After giving the above charge the court instructed the jury that they should find against the probate of the will if they believed that the testatrix did not have sufficient testamentary capacity to make the will, or that fraud was practiced upon her in the execution of the will. Since the jury was clearly instructed that they should find against the probate of the will in either of the events mentioned, it could not reasonably be said that the jury understood the court to mean that all the material allegations as to mental incapacity, *and* fraud should be proved.

■ The third special ground complains of the charge: "Testamentary capacity is to be determined by the condition of the testatrix's mind at the time of executing the will. Notwithstanding her incapacity at a prior or subsequent time should be proved, it does not necessarily follow that she was incompetent when the will was made."

This portion of the charge correctly states that the condition of the testatrix's mind at the time of signing the will is the determining factor, and the language complained of is not subject to the criticism that it excluded from the consideration of the jury the condition of the mind of the testatrix prior to and after the

making of the will. See, in this connection, *Fehn* v. *Shaw*, 199 *Ga.* 747, 754 (35 S. E. 2d, 253), and citations.

■ The fourth special ground complains of the refusal to charge: "If you find from the evidence as presented to you that the testatrix signed her name or made her mark after the attestation of the will by anyone or all of the witnesses, then I charge the will is not legal or valid."

The court in the charge as given instructed the jury: "The witnesses to a will must subscribe their names as witnesses after the will is signed by the testatrix, that is, there being nothing to attest until her signature has been annexed. It makes no difference that the signing and attestation are each a part of one and the same transaction."

While the trial judge in his general charge did not use the language requested, nevertheless, the principle that the will would not be legal if the testatrix signed her name after the attestation of the will by the witnesses was necessarily included in the charge that the witnesses must subscribe their names after the will was signed by the testatrix. Accordingly, the request was sufficiently covered by the charge as given. *Griffin* v. *Barrett*, 185 *Ga.* 443, 446 (4) (195 S. E. 746).

The fifth special ground complains of the failure of the judge to charge, in the absence of a request, on the question of law in regard to the attestation of a will by the witnesses in the presence of the testatrix.

There is no merit in this ground. While one witness testified that when he signed as a witness the testatrix was in such a position that she could not observe his signing, the failure of the court to charge the law as to attestation by the witnesses to a will was not error, in the absence of a special request so to charge, when, as here, no issue in this respect was made by grounds of the caveat. *Palmer* v. *Hinson*, 201 *Ga.* 654 (3) (40 S. E. 2d, 526).

The evidence, though conflicting, was sufficient to support the verdict in favor of a probate of the will, and the court did not err in overruling the caveator's motion for new trial. See *Whitfield* v. *Pitts*, 205 *Ga.* 259 (1) (53 S. E. 2d, 549).

*Judgment affirmed. All the Justices concur.*