## SHEFFIELD et al. v. SHEFFIELD et al.

WYATT, Justice. Herbert F. Sheffield died a resident of Camden County, Georgia. His widow, Mrs. Frances Sheffield, and one of his sons, Robert W. Sheffield, offered his will for probate in solemn form in Camden Court of Ordinary. Stafford Sheffield and certain of his brothers and sisters filed a caveat and a cross-petition, in which they sought to probate a copy of an alleged will of Herbert F. Sheffield. The children of a deceased child of Sheffield and two adopted children also filed caveats to the probate of the will. The grounds of the caveat in the pleadings were: 1. Forgery of the testator's signature. 2. False

representations in securing the execution of the will. 3. Improper attestation. 4. Undue influence. 5. Lack of testamentary. capacity. 6. Alteration and change of the will subsequent to its execution by a person or persons unknown and without the knowledge or consent of the testator, to such an extent as to render it invalid. By consent, the matter was appealed without trial from the Camden Court of Ordinary to the Camden Superior Court. There the case was tried and resulted in a verdict in favor of the caveators and against the probate of either of the wills. The propounders and the cross-propounders each filed separate motions for new trial. After a hearing, the trial court denied both motions for new trial. The exception here is to this judgment. *Held:*

1. The general grounds of the motion for new trial, having been abandoned, will not be considered.

2. Special ground eight of the amended motion for new trial complains of the following excerpt from the charge of the court: "I charge you, gentlemen, that, where in the opinion of the jury the evidence is equally balanced on each side, and where the jury believe the witnesses on each side are equally credible, and believe the evidence is as strong on one side as the other, then the preponderance of the evidence would not be carried, and in such case it would be the duty of the jury to return a verdict in favor of the caveators." The contention is that this excerpt is not a correct statement of the law and is calculated to confuse and mislead the jury. No case precisely in point on this question has been called to our attention, and we have found none. The judge in his charge to the jury, prior to giving in charge the excerpt here excepted to, had stated the law with reference to the burden of proof after the propounder had made out a prima facie case. The effect of this excerpt from the charge of the court was to instruct the jury to the effect that the caveators would be entitled to a verdict without carrying the burden of proof as to the facts alleged in their caveat. This was, of course, not a correct statement of the law, and even though the correct principle of law had been previously charged, this excerpt was calculated to confuse and mislead the jury and was, therefore, error.

3. Special grounds four through seven have been carefully examined and found to be without merit.

4. For reasons stated in division two of the foregoing opinion, the judgment of the trial court must be reversed.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18260. ARGUED JUNE 8, 1953—DECIDED JULY 13, 1953.

*Gowen, Conyers, Fendig & Dickey* and *B. R. Martin Jr.,* for plaintiffs in error.

*Reese, Bennet & Gilbert, Sapp & Flexer, Thomas E. Spell, W. Glenn Thomas* and *Joe Thomas,* contra.