18704. NASSAU *et al.* v. SHEFFIELD *et al.*
18705. SHEFFIELD *et al.* v. SHEFFIELD *et al.*

HAWKINS, Justice. Herbert Forsyth Sheffield died a resident of Camden County, Georgia. His widow, Mrs. Frances Sheffield, and one of his sons, Robert W. Sheffield, who will hereinafter be referred to as propounders, offered for probate in solemn form in Camden Court of Ordinary a paper which they alleged to be his will. Stafford Sheffield, his sisters, and certain other heirs at law of the testator, who will hereinafter be referred to as cross-propounders, filed a caveat and cross-petition, in which they denied that the paper offered by the propounders was in fact the true last will and testament of Herbert F. Sheffield. They alleged that the last page of the purported will presented by the propounders, which contains only the date of execution, the signature of Herbert F. Sheffield thereto by his mark, and the attestation clause, with the signatures of the three witnesses thereto affixed, is the last page of the writing executed by Herbert F. Sheffield as his last will and testament on the date shown thereon, February 5, 1949, and that items 1 through 7 of said purported will are identical in all respects with the same items contained in the true original will actually executed by the testator; but alleged further that the said writing as originally executed by the testator contained other items which are not contained in the purported will presented by the propounders; that these items,

which are set out in an exhibit to the caveat, were deleted and eliminated from the writing executed by Herbert F. Sheffield as his 'last will and · testament subsequently to the execution of said writing by him without his knowledge or consent, by a person or persons unknown to the cross-propounders, and prior to the death of the testator; that the testator executed only one writing as his last will· and testament before the persons whose names are signed thereto as attesting witnesses, and the writing then and there executed by him contained several items which the purported will presented for probate did not contain, and the writing so presented by them for probate contains items which the writing executed by the testator did not contain; that these changes in said writing were made subsequently to the execution thereof by the testator by persons unknown to the cross-propounders and without the knowledge or consent of the testator, and prior to his death, and, therefore, the writing presented by the original propounders for probate is not in fact the true last will and testament of the testator as executed by him; and that the writing executed by the testator was by persons unknown changed by withdrawing, deleting, or despoiling the items originally in said will numbers 8 through 17, as shown by exhibit "A" to the caveat, and by eliminating from item 16 thereof the names of Kathaleen Sheffield Pounds and John C. Newton as executors and by substituting therefor the name of Robert W. Sheffield, who was not named as an executor in said item before it was changed. They further alleged that they presented to the court for probate in solemn form a copy of what they contend to be the true last will and testament of Herbert Forsyth Sheffield, as shown by exhibit "A" attached to the caveat and cross-petition, the original of which, except the last page thereof containing the date of execution, the signature of Herbert F. Sheffield thereto by his mark, and the attestation clause with the signatures of the three subscribing witnesses thereto affixed, has been lost or destroyed by parties unknown to these cross-propounders prior to the death of the testator, without his knowledge or consent; and they pray: (a) that the writing offered for probate as the last will and testament of Herbert Forsyth Sheffield by Mrs. Frances Sheffield and Robert W. Sheffield be denied probate as such; (b) that the said Herbert Forsyth Sheffield be declared to have died intestate insofar as the writing presented for probate by the original propounders is concerned; and, as cross-propounders, prayed that the copy of the aforesaid writing attached to the caveat as exhibit "A", the original of which was signed by the testator as his last will and testament, be admitted to record and probated in solemn form.

Certain other heirs of Herbert F. Sheffield, who will hereinafter be referred to simply as caveators, filed their separate caveats, in which they alleged that neither of the purported wills offered for probate was the true last will and testament of Herbert F. Sheffield and, among other things, alleged that, even if Herbert F. Sheffield signed and executed a will on February 5, 1949, both purported wills had been so changed before or after his death, without his knowledge, as to make them forged instruments and void; that the purported copy of the said purported original will sought to be probated by the cross-pounders, Stafford Sheffield et al., is not the copy of any will made by Herbert F. Sheffield on February 5,

68

1949, for the reason that said purported copy of said purported will seeks to set up as items imaginary suppositions, conclusions, and opinionative matter, and items that make the said purported copy of said purported will a nullity and of no effect, and same does not set forth the testamentary intentions of the said Herbert Forsyth Sheffield; and they prayed that neither of the purported wills be probated.

While some of the caveators alleged that the wills offered for probate were forgeries, in that they were never signed, published, or declared by the testator as his last will and testament, that the wills were not properly signed and attested as required by law, that, if signed by the testator, they were executed as the result of undue influence exercised over the testator by the original propounders, and lack of testamentary capacity on the part of the testator—these issues were eliminated by agreement of counsel after the conclusion of evidence.

The jury returned a verdict finding in favor of the will offered for probate by the cross-propounders. Both the original propounders and the caveators other than the cross-propounders made motions for new trial, which were later amended, and to the judgment denying their motions the original propounders and the caveators except by separate bills of exception. The two cases will be considered together, since they involve the same will, the same parties, and the same trial. *Held:*

1. Even after the elimination by agreement of counsel of the issues made by some of the caveators as to the forgery of the signature of the testator, improper execution and attestation of the will, undue influence, and lack of testamentary capacity, the pleadings and evidence left for determination by the jury three issues: (1) whether the will offered by the original propounders had been altered and changed by some third person after its execution by the testator and without his knowledge or consent and thereby invalidated; (2) whether the purported copy of the will sought to be probated by the cross-propounders was in substance and intent the same as the original will before it was altered and changed; and (3) whether neither of the purported wills should be probated, and an intestacy declared because the purported will offered by the original propounders had been altered, changed, destroyed, substituted, spoiled, amended, and obliterated, and the purported will offered by the cross-propounders was not the same in substance and intent as the original will before it was altered, changed, destroyed, etc. It was, therefore, error for the court to instruct the jury that "the grounds of caveat . . . have been stripped down to one proposition, that is, that the original petition is for the probate of an altered will and it is a forgery by reason of having been altered; that is the ground of caveat as now relied on by all the caveators, and that being now the only question for this jury to consider"; and in another portion of the charge that "the sole ground of caveat of all the caveators is that the will offered for probate by the original propounders is void by reason of the fact that it had been altered and therefore amounts to a forgery." While the court did, in other portions of the charge, submit to the jury the other issues, numbered 2 and 3 above, raised by the caveats, these excerpts from the charge, being in conflict with such other portions of the charge, tended to confuse and mislead the jury, and were therefore error. *Sheffield* v. *Sheffield,* 209 *Ga.* 869 (76 S. E. 2d 708).

2. It was not error, as contended by the original propounders, for the court to fail to instruct the jury that, in order to invalidate a will by reason of alterations therein, it is necessary that the alterations constitute a material change in the will. "The materiality of an alteration is a question of law." Code § 20-803; *Morris* v. *Bullock*, 185 *Ga.* 12, 25 (194 S. E. 201, 115 A. L. R. 700); *Langan* v. *Cheshire*, 208 *Ga.* 107, 112 (65 S. E. 2d 415). If the changes and alterations were made in the original will as contended by the cross-propounders and caveators, they were material as a matter of law, and the court did not err in so charging the jury.

3. While we have found no case in Georgia dealing with the question of changes and alterations made in a will by third persons after its execution and without the knowledge and consent of the testator, and counsel have cited none, under the decisions and the authorities therein cited in cases dealing with changes and alterations made by the testator, and the question of whether such changes and alterations resulted in the revocation of a will by the testator or merely the spoilation of certain provisions thereof, since revocation pro tanto is not recognized in this State, the rule in a case like the present one is that, if a will was duly executed, and when propounded for probate it appears that certain provisions thereof have been changed, altered, or destroyed by a third person without the knowledge or consent of the testator, and it can be shown by the will itself, or by extrinsic evidence, what such stricken or destroyed provisions were, they could be restored, and the will as originally executed admitted to probate. Code § 113-611; *Hartz* v. *Sobel*, 136 *Ga.* 565 (71 S. E. 995, 38 L. R. A. (N.S.) 797, Ann. Cas. 1912D, 165); *Price* v. *Hill*, 184 *Ga.* 191, 196 (190 S. E. 575); *Burge* v. *Hamilton*, 72 *Ga.* 568; *Morris* v. *Bullock*, 185 *Ga.* 12 (194 S. E. 201, 115 A. L. R. 700); 57 Am. Jur. 356, § 513; Redfearn on Wills (Rev. ed.) 84, § 67; 2 Page on Wills (Lifetime ed.), p. 373, ch. 19. Since the cross-propounders in this case contend that certain items of the will as originally executed by the testator had been deleted, changed, and destroyed, and sought to set up, establish, and probate what they contended to be a true copy of these items of the will as originally executed by the testator, the burden rested upon them of proving that the copy was in substance and intent the same as the original (*Woodruff* v. *Woodruff*, 182 *Ga.* 895, 896 (1), 187 S. E. 391), and it was error for the court to fail to so instruct the jury.

4. As pointed out in the preceding statement of facts, the contention of the caveators other than the cross-propounders as set up in their pleadings was that neither of the purported wills should be probated, since for the reasons therein stated neither was the true last will and testament and neither expressed the true testamentary intent of the testator, and that an intestacy should be declared. The objections by these caveators to the charge of the court, on the ground that it failed to instruct the jury that they might return a verdict establishing the will in part and rejecting it in part, finding it good as to some parties, but bad as to others, is without merit, since no such issue was made by their pleadings; and the court did not err, in the absence of a proper request, in failing to charge on that question, even if such a charge had been authorized by the evidence. *Bassett* v. *Hunter*, 205 *Ga.* 417, 418

(5) (53 S. E. 2d 909); *Smith* v. *Tippins,* 207 *Ga.* 262 (4) (61 S. E. 2d 138). Seè, in this connection, however, *Morris* v. *Stokes,* 21 *Ga.* 552 (2); *Burge* v. *Hamilton,* 72 *Ga.* 568; *Morris* v. *Bullock,* 185 *Ga.* 12, 24 (194 S. E. 201, 115 A. L. R. 700).

5. Irrespective of whether the failure of the court to charge the jury that the effect of a verdict in favor of the caveators and refusing probate of both of the purported wills would be to declare an intestacy, and all heirs would inherit under the laws of descent and distribution, and to charge the rules of descent and distribution under the laws of Georgia, was erroneous without a request therefor, such omission to charge can be supplied by the court or requested by counsel on another trial, which must be had under the rulings heretofore made.

6. The general grounds of the motions for new trial have been expressly abandoned by some of the plaintiffs in error, and have not been insisted on by counsel for the others, and hence will be treated as abandoned by them. Other special grounds, complaining of the charge of the court and of the failure to charge, have been carefully considered, and are found to be without merit. For the reasons pointed out in the 1st and 3rd headnotes, the judgments denying the motions for new trial must be

*Reversed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1954—DECIDED OCTOBER 11, 1954.

*Sapp & Flexer, Thomas & Thomas, Thomas E. Spell,* for plaintiffs in error. (No. 18704).

*G. B. Cowart, Reese, Bennet & Gilbert, Gowen, Conyers, Fendig & Dickey,* contra.

*Gowen, Conyers, Fendig & Dickey, B. R. Martin, Jr.,* for plaintiffs in error. (No. 18705).

*Reese, Bennet & Gilbert, G. B. Cowart, Sapp & Flexer, Thomas & Thomas, Thomas E. Spell,* contra.