20655. SHEFFIELD, Executor, *et al.* v. SHEFFIELD *et al.*
20656. NASSAU *et al.* v. SHEFFIELD, Executor, *et al.*

ARGUED OCTOBER 13, 1959—DECIDED NOVEMBER 4, 1959.

*B. R'. Martin, Jr., Gowen, Conyers, Fendig & Dickey,* for plaintiffs in error (case No. 20655).

*George B. Cowart, Bennet, Gilbert, Gilbert & Whittle, L. J. Bennet, Sapp & Flexer, W. Glenn Thomas,* contra.

*Sapp & Flexer, Robt. Asa Sapp, W. Glenn Thomas, Thomas & Thomas, Thomas E. Spell,* for plaintiffs in error (case No. 20656).

*George B. Cowart, L. J. Bennet, B. R. Martin, Jr., Gowen, Conyers, Fendig & Dickey, Bennet, Gilbert, Gilbert & Whittle,* contra.

HEAD, Justice. 1. The trial judge charged the jury in part as follows: "I charge you further, gentlemen, that when a copy of a lost or destroyed will is sought to be admitted to probate in lieu of the original will, the presumption is that the original will was not revoked by the testator, and this must be shown by proof." The propounders, in ground 8 of the amended motion for new trial, assign error on this charge, and the caveators, in ground 5 of their motion, assign error.

This is clearly an erroneous statement of the law. Code § 113-611. The cross-propounders, the defendants in error here, contend that the issue of revocation by the testator was not raised by any pleadings or evidence in the case, and that the charge of the court, although erroneous, was not harmful to the plaintiffs in error.

The issue of revocation by the testator was not raised by the pleadings of either the propounders or the caveators. The pro-

pounders were contending that the paper which they offered for probate was the true will of the deceased, and that no deletions had been made in the original will. It would have been inconsistent with their position as propounders if they had filed a caveat to the paper sought to be probated by the cross-propounders on the ground that the testator had revoked his will by removing material portions from it. The caveators were asserting that persons other than the deceased had removed portions of the will.

The present case is not one involving minor and immaterial alterations in a will. In the last appearance of the case in this court, it was held that, "If the changes and alterations were made in the original will as contended by the cross-propounders and caveators, they were material as a matter of law, . ." *Nassau* v. *Sheffield*, 211 *Ga.* 66, supra (headnote 2). The paper sought to be probated by the propounders contained twelve items. That offered by the cross-propounders contained sixteen items, and did not purport to be a duly executed will, but it was alleged that it was a substantial copy of the will as originally executed. The first seven items were the same as those in the paper offered by the propounders. There were then inserted items 8, 9, 10, 11, 12, and 13, not appearing in the paper offered by the propounders, devising and bequeathing specific property to named children of the testator. Items 14 and 15 were the same as items 9 and 10 of the paper offered by the propounders. Item 16 named as the executors of the testator persons different from those named in item 12 of the paper offered by the propounders. In order for such a paper as that offered by the cross-propounders to be admitted to probate, it would have to be admitted under the rules of law provided in Code § 113-611, pertaining to the admission to probate of a copy of a lost or destroyed will. (See headnote 3 in *Nassau* v. *Sheffield*, supra.) This Code section declares that "in every such case the presumption is of revocation by the testator, and that presumption must be rebutted by proof."

In *Lyons* v. *Bloodworth*, 199 *Ga.* 44 (1) (33 S. E. 2d 314), it was said: "Where a will cannot be found after the death of the testator, there is a strong presumption that it was destroyed or revoked by the testator, and this presumption stands in the place of positive proof; and one who seeks to establish a lost or destroyed will assumes the burden of overcoming this presumption by adequate proof."

The cross-propounders in the present case, in seeking to probate a copy of a material portion of a will, the original of which portion they asserted had been destroyed, had the burden of overcoming the presumption that the destruction had been done by the testator himself with the intention to revoke. Code §§ 113-404 and 113-611. The charge of the court complained of in these grounds was harmful to the plaintiffs in error, and will necessitate a new trial.

2. Grounds 4, 5, and 6 of the propounders' amended motion, and ground 6 of the caveators' amended motion, contend that the trial judge erred in failing to instruct the jury that the burden rested on the cross-propounders to prove that the copy offered by them was in substance and intent the same as the original. On the former appearance of the case it was held to be error to so fail to charge. *Nassau v. Sheffield,* supra (headnote 3).

The trial judge in the present case, in referring to the allegations and contentions of the cross-propounders, made numerous references to their contentions that the copy offered by them was "in substance and intent the same as the original," and in charging them concerning the different verdicts that they might find, he charged that, if they should determine that the copy submitted by the cross-propounders is "in substance and intent" the will executed by the testator, they should find for the cross-propounders. There was a general charge that the burden rested upon the cross-propounders to make out a prima facie case of testamentary capacity, testamentary intent, and due and legal execution of the will, and a charge that the burden rested upon the cross-propounders to satisfy the jury of the truth of their case by a preponderance of the evidence. None of these charges entirely complied with the ruling by this court in the former case, that the judge should instruct the jury that "the burden rested upon them of proving that the copy was in substance and intent the same as the original." *Nassau v. Sheffield,* supra (headnote 3).

3. Ground 7 of the propounders' amended motion sets out an excerpt from the charge which first states that, if the testator duly executed a will and then later substituted pages in the will and did not re-execute the will, such a will would be void. No

error is assigned on this quotation from the charge, but it is contended that the sentence following it in effect instructed the jury that, even though the testator altered or changed his will after its execution, the will as originally executed would be entitled to probate, and that such instruction is contrary to law. This sentence of the charge is as follows: "I charge you in this connection, gentlemen, that if the writing sought to be propounded by the cross-propounders is in substance and intent the will which was in fact executed by Herbert F. Sheffield on February 5, 1949, it would be entitled to be probated as such."

"An express revocation may be effected by any destruction or obliteration of the original will or a duplicate, done by the testator or by his direction with an intention to revoke; such intention will be presumed from the obliteration or canceling of a material portion of the will; . . ." Code § 113-404. The charge of the court excepted to, given in immediate connection with the charge as to the effect of the testator himself making material changes in his will without re-executing it, may have confused the jury, and led them to believe that, if they found the copy offered by the cross-propounders was in substance and intent the same as the original will executed by the testator, they should admit it to probate, even if the testator had revoked it.

Whether or not the propounders could have objected to the failure of the court to charge on revocation by the testator, since their pleadings did not raise this issue, where, as here, the trial judge did charge on revocation by the testator, they were entitled to a correct charge.

4. Ground 4 of the amended motion of the caveators sets out a long excerpt from the charge in regard to the issues which the jury should determine. It is asserted that this charge had the effect of withdrawing from the jury any issue other than whether or not the will was a forgery, unduly limited the issues before the jury, did not present the true issue made by the caveators, and that the trial judge failed to define the term "forgery" or to instruct the jury how a will might be forged. It is contended that the same error was made in limiting the issues on this trial as in the former trial.

In headnote 1 of *Nassau* v. *Sheffield*, supra, this court summarized the issues made under the pleadings and evidence in the case on its former appearance. The trial judge in the present trial correctly charged the jury on the issues involved, in the language of headnote 1 of the former case. His further charge amplifying the issues did not unduly restrict the questions made by the caveators. A charge germane to the issues is not erroneous because other correct principles of law are not given in elaboration of it.

5. Ground 7 of the amended motion of the caveators contends that it was error to admit in evidence the testimony of C. E. Milton, who testified for the cross-propounders, in regard to a conversation that he had with the testator during the year 1948 (the year preceding the alleged execution of the will), in which the testator discussed with the witness a written memorandum that the testator had as to the disposition he proposed to make of his property by will. The caveators objected to this testimony as being hearsay, and having no probative value.

On the question of devisavit vel non and revocavit vel non declarations of the testator "made prior to or at the time of the execution of the will or its revocation are clearly admissible." *Burge* v. *Hamilton*, 72 *Ga.* 568 (3a). It was the duty of the jury in this case, in determining the issues made by the cross-propounders, to decide whether or not the testator executed a will in substance and intent the same as the copy offered by them for probate. The testimony of this witness was admissible on such issue of devisavit vel non.

6. For the reasons stated in divisions 1, 2, and 3 of this opinion, it was error to deny the motions for new trial as amended, of both the propounders and the caveators.

*Judgments reversed in both cases. All the Justices concur.*