**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 5, 2020**

# In the Court of Appeals of Georgia

A19A2321. WILBUR et al. v. FLOYD.

MARKLE, Judge.

In this appeal, Jeffrey Wilbur, on behalf of himself and as the executor of Gwen Wilbur's ("the mother") estate, seeks review of the trial court's order granting summary judgment to his sister, Patricia Floyd, in his petition to probate the mother's will. On appeal, Jeffrey contends that the trial court (1) erred in concluding that (a) the mother's will was not valid because the attestation page was missing, and (b) he could not offer a copy of the missing attestation page to establish the will's validity; and (2) failed to grant summary judgment in his favor on Patricia's claims that the mother lacked testamentary capacity to execute the will and that the will was the product of undue influence. Because we conclude that Jeffrey has raised a

question of fact regarding the validity of the will, we vacate the trial court's order and remand the case for further proceedings.

> On appeal from the decision of a probate court, the superior court conducts a de novo investigation of the probate court's proceedings, and in doing so, will consider the records from the probate court, as well as other competent evidence which may not have been presented to the probate court. It is not the province of the superior court on such an appeal to review and affirm, but to try the issue anew and pass original judgments on the questions involved as if there had been no previous trial. We therefore review this case on appeal as we would any other direct appeal from superior court.

(Citation omitted.) *In re Estate of Hill*, 340 Ga. App. 39, 40-41 (795 SE2d 748) (2016). As such, "[s]ummary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A trial court's grant of summary judgment is reviewed de novo on appeal, construing the evidence in the light most favorable to the nonmovant." (Citations and punctuation omitted.) *Bruce v. Georgia-Pacific, LLC*, 326 Ga. App. 595 (757 SE2d 192) (2014).

So viewed, the record shows that in March 2014, the mother executed a will naming Jeffrey and Patricia, her two surviving children, as beneficiaries.[1] In

---

[1] A third child predeceased the mother.

December 2014, after a disagreement with Patricia, the mother revoked that will and executed a new one naming only Jeffrey as a beneficiary and omitting Patricia entirely. The attorney who prepared the will ("the drafting attorney") and his secretary witnessed the mother execute the December 2014 will. The mother died in February 2015, and Jeffrey filed a petition to probate the will in solemn form. The will submitted to the probate court with this petition was signed by the mother and had the mother's initials on each page, but was missing an attestation page in which the witnesses confirmed that they had witnessed the mother sign the will. Although the attestation page was missing, the witnesses had initialed each page of the will next to the mother's initials.

Patricia filed a caveat, arguing that the will was invalid because it did not meet all the formalities, specifically, it lacked an attestation page. She also argued that the mother lacked the testamentary capacity to execute the will; Jeffrey procured the will through undue influence and coercion; and the mother's alleged signature was a forgery.

When Jeffrey realized that the will submitted to probate was missing the attestation page, the drafting attorney submitted an amendment to the petition along with an affidavit averring that he and his secretary witnessed the mother sign the will,

3

and that the will attached to the affidavit was a correct copy. However, the will attached to the affidavit also did not contain an attestation page. In a subsequent affidavit, the drafting attorney corrected himself and stated that the will was five pages in total, including the attestation page, that he believed all five pages were included with the petition to probate filed in the probate court, and that he had a copy that was stamped "filed in office on March 17, 2015." A copy of the will with the attestation page was attached to this affidavit.[2] The attestation page contained both the witnesses' signatures and their initials, and it was also signed by the mother.

At a hearing before the probate court, Patricia moved to dismiss the petition to probate the will because the will lacked the necessary formalities; specifically it did not have an attestation page. The drafting attorney testified that he and his secretary witnessed the mother sign the will; they initialed every page along with the mother's signature; and they signed an attestation page. The attorney could not explain what had happened to the attestation page, but confirmed that it had been a part of the original will and was likely filed in the probate court because he had a stamped copy.

---

[2] We note that the contents of the will submitted for probate and the will with the attestation page are identical.

He proffered a copy of the attestation page with the amended petition to probate the will.

The secretary testified that all five pages of the will were attached to the petition to probate the will filed in probate court, and she confirmed that she witnessed the mother sign the will and both she and the attorney initialed each page along with the mother's signature. She could not say what happened to the original attestation page, but she explained that they had a copy of that page. After hearing all the testimony, the probate court granted the motion to dismiss, finding that the will failed to satisfy the necessary formalities.[3]

Jeffrey appealed to the superior court and moved for summary judgment, arguing that the will was in valid form and the amended petition to probate the will included a copy of the missing attestation page. Patricia also moved for summary judgment, arguing that the will lacked the testamentary formalities, and that Jeffrey could not use a photocopy of the will in place of the original because the original will was not lost in its entirety.

---

[3] The probate court also heard extensive testimony regarding the mother's capacity to execute the will and whether she was coerced or subject to undue influence. Although the parties raised these issues in both the probate court and the superior court, neither court reached this issue, and, therefore, we do not recount that testimony here.

The trial court granted Patricia's motion, finding that Jeffrey could not use a photocopy to establish the testamentary formalities because the original will was not lost. The trial court did not address Patricia's other challenges to the will. Jeffrey now appeals.

1. In related enumerations of error, Jeffrey argues that he properly amended the petition to probate the will to include the attestation page, satisfying the necessary formalities and establishing its validity; therefore, the trial court erred in granting Patricia's motion for summary judgment and denying his corresponding motion. Patricia responds that there is no evidence that the will was properly witnessed because the attestation page was missing and, therefore, the will was not valid. We conclude that there remains a question of fact regarding the formalities, and therefore the trial court erred in granting summary judgment to Patricia.

> The sole question in a proceeding to probate a will in solemn form is whether the paper propounded is, or is not, the last will and testament of the deceased. The result turns on three issues: (1) whether the document was properly executed; (2) whether the testator had the mental capacity to execute a will; and (3) whether the document was the result of undue influence, fraud, duress, or mistake.

(Citation and punctuation omitted.) *McDaniel v. McDaniel*, 288 Ga. 711, 715 (2) (707 SE2d 60) (2011); see also *In re Estate of Corbitt*, 265 Ga. 110 (454 SE2d 129) (1995) ("In a proceeding to probate a will in solemn form, the sole issue is devisavit vel non, that is, whether the paper propounded is, or is not, the last will and testament of the deceased.") (citation omitted).

In this case, we are concerned primarily with the first prong: whether the document was properly executed. OCGA § 53-4-20 (b) requires that a will be "attested and subscribed" by at least two witnesses. When faced with questions of statutory interpretation,

> we apply the fundamental rules of statutory construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. We must also seek to effectuate the intent of the Georgia legislature. In this regard, in construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole.

(Citations omitted.) *In re Estate of Jacqueline Gladstone*, 303 Ga. 547, 549 (814 SE2d 1) (2018).

In reviewing the arguments on appeal, we are mindful that "[t]he opportunity to determine the disposition of one's property at death by means of a will has long

7

been a valuable right in this state. In order to preserve that right, . . . the rules relating to execution have remained simple and issues of proper attestation have generally presented fact issues for a jury." (Citation omitted.) *Miles v. Bryant*, 277 Ga. 362, 363 (1) (589 SE2d 86) (2003). Our focus is on the testator's intent: "It is not the writing that makes the will legal and binding, but the testamentary intent crystallized and expressed in the writing." (Citation and punctuation omitted.) *Glaze v. Lemaster*, 279 Ga. 361, 362 (1) (613 SE2d 617) (2005). Thus, "[i]n the construction of all wills, the court shall seek diligently for the intention of the testator and shall give effect to such intention as far as it may be consistent with the rules of law." OCGA § 53-4-55; see also *Hood v. Todd*, 287 Ga. 164, 166 (695 SE2d 31) (2010). With these principles in mind, we turn to Jeffrey's arguments on appeal.

Jeffrey first contends that summary judgment was improper because he properly amended the probate petition to include a copy of the missing attestation page, which showed that the execution of the will satisfied the necessary formalities. We agree that summary judgment was improper.

Pursuant to OCGA § 53-4-20 (b), "[a] will shall be attested and subscribed in the presence of the testator by two or more competent witnesses. A witness to a will

8

may attest by mark."[4] The statute speaks in mandatory language. *Baylis v. Daryani*, 294 Ga. App. 729, 730 (1) (669 SSE2d 674) (2008) ("The general rule is that 'shall' is recognized as a command, and is mandatory."). Nevertheless, our Supreme Court has cautioned that "proper attestation requires no particular form and proper attestation is not dependent upon the existence of an attestation clause, only that the witnesses' signatures are affixed to the writing." *Miles*, 277 Ga. at 364 (1). Additionally, the statutory language contemplates that witnesses may attest the will by making a mark. OCGA § 53-4-20 (b); see also Mary F. Radford, Redfearn Wills and Administration in Georgia § 5:4 (2019).

Here, Jeffrey alleges that the original will contained an attestation clause, and he has submitted a copy of the attestation page in lieu of the original. The drafting attorney and the secretary both testified that there was an attestation page when they filed the petition to probate the will. In addition, a review of the will shows that the

---

[4] "Attest" is defined as "[t]o bear witness; testify" or "[t]o affirm to be true or genuine; to authenticate by signing as a witness." See Black's Law Dictionary (11th ed. 2019). To "subscribe" means to "write or sign (one's name) on a document . . . [especially] at the foot as a witness." *Miles*, 277 Ga. at 365 (3), n. 17.

witnesses initialed each page next to the testator's signature, and the copy of the attestation page contains their signatures and the signature of the testator.[5]

The statute requires that the witnesses attest and subscribe that the testator signed the will, and they may do so by making a mark. OCGA § 53-4-20 (b). Nothing in the statute or case law mandates specific language to constitute attestation. *Miles*, 277 Ga. at 364 (1). Thus, under the plain language of the statute, the initials appearing on each page with the testator's signature could be sufficient to validate the will.

A review of other statutory provisions supports our conclusion that granting summary judgment to Patricia was improper.[6] OCGA § 53-5-21 (a) provides that "[a] will may be proved in solemn form after due notice, upon the testimony of all the witnesses in life . . . *or* by proof of their signatures[.]" (emphasis supplied). Additionally, witnesses to the will "may be examined in person or by written

---

[5] The will specifically contemplated the use of copies.

[6] We note that other courts have found a will properly executed where the witnesses initialed each page along with the testator's signature even in the absence of an attestation clause. See *In re Mack's Will*, 250 NYS2d 177, 179-180 (21 AD2d 205) (1964); *In re Mack's Will*, 39 Misc2d 889 (242 NYS2d 269) (1963). See also *Plemons v. Tarpey*, 262 Ala. 209, 212 (78 So2d 385) (1955) (statute did not require specific location for attesting witnesses' signatures and they could sign anywhere on the document). But see *In re Estate of Stringfield*, 283 SW3d 832, 837 (Ct. App. Tenn. 2008) (will not properly executed because the statute required witnesses "sign" the will, but the witnesses only initialed each page).

10

interrogatories," and "[t]he taking or procuring of testimony in [this] manner . . . shall be sufficient for *all* purposes of the probate proceedings, notwithstanding any other statute." OCGA § 53-5-23 (a), (c) (emphasis supplied).

Here, the interrogatory submitted with the petition to probate, the testimony from the witnesses, and the presence of the witnesses' initials on each page along with the testator's signature create a factual question regarding whether the execution of the will complied with the necessary formalities. These factual questions preclude summary judgment. *Miles*, 277 Ga. at 365 (3). See also *Sheffield v. Sheffield*, 215 Ga. 546, 548 (1), 549 (2) (111 SE2d 218) (1959) (where propounder and cross-propounder submitted substantially differing documents they claimed to be the testator's will, jury had the authority to determine whether copy of will was the same as the original); *Burge v. Hamilton*, 72 Ga. 568, 627-629 (1884) (discrepancy in whether will consisted of 10 pages or 11 pages allowed jury to determine whether there was a valid will).

Given the sanctity of the right to make a will, the statutory language that allows a witness to sign by mark, and the fact that our Supreme Court has directed that there is no specific form required for attestation and that questions about the proper formalities are for the jury, *Miles*, 277 Ga. at 363 (1), we conclude that the trial court

11

erred in finding, as a matter of law, that the will failed to comply with the necessary formalities. To conclude otherwise would essentially ignore the plain language of the statute, as well as the testator's intent, and deprive her of her right to dispose of her property as she wished. Accordingly, we must vacate the trial court's order and remand the case for further proceedings.[7]

2. Jeffrey also argues that the trial court erred in denying his motion for summary judgment on Patricia's claims of undue influence, and lack of testamentary capacity. In light of our conclusion that summary judgment was improper because the execution of the will is a question of fact for the jury, and the trial court did not reach these issues, we do not reach them in the first instance here. *Williamson v. Strickland & Smith, Inc.*, 296 Ga. App. 1, 6 (7) (673 SE2d 858) (2009).

*Judgment vacated and case remanded. Doyle, P. J., and Coomer, J., concur.*

---

[7] Because there is a jury question regarding whether the will complied with the necessary formalities regardless of the lack of an attestation page, we need not address Jeffrey's other argument regarding a submission of a copy of the missing attestation page.