303 Ga. 547
FINAL COPY

S17G1472. IN RE ESTATE OF JACQUELINE GLADSTONE.

BOGGS, Justice.

This appeal stems from the Forsyth County Probate Court's finding that Emanuel Gladstone breached his fiduciary duty as conservator for his incapacitated wife, Jacqueline Gladstone. The court entered a judgment against Gladstone and his surety, Ohio Casualty Insurance Company, for $167,000 "on the settlement of accounts and as damages" and $150,000 in punitive damages. The Court of Appeals affirmed the probate court's judgment. In re Estate of Gladstone, 341 Ga. App. 72 (798 SE2d 660) (2017). We granted the petition for certiorari filed by Ohio Casualty, directing the parties to address two questions:[1]

> (1) Did the Court of Appeals err in holding that a conservator's bond covers punitive damages even though such damages are not expressly provided for under OCGA § 29-5-40 et seq. or under the provisions of the bond itself?

---

[1] The appellee in this case is the successor conservator, Mark Spector. The Surety & Fidelity Association of America has filed an amicus brief in support of Ohio Casualty's appeal.

(2) If a conservator's bond does cover punitive damages, did the Court of Appeals err in holding that because the probate court complied with OCGA § 29-5-92 (b) (4) in imposing sanctions against the petitioner, compliance with the procedures for imposing punitive damages under OCGA § 51-12-5.1 was not required?

We answer the first question in the affirmative, rendering the second question moot.

For purposes of our analysis here, the record reveals that in January 2015, the probate court appointed Gladstone as conservator for his wife ("the ward"), who suffered from dementia, and set a bond at $430,000. Ohio Casualty posted the bond. After the ward's attorney raised concerns about Gladstone's failure to provide requested documentation to support an asset management plan, and unapproved expenditures made by Gladstone, the probate court suspended him and appointed a temporary substitute conservator.

Following a hearing, the probate court issued an order removing Gladstone from office, finding that he failed to account for $167,576.20 of the ward's funds. The court entered a judgment against Gladstone and Ohio Casualty for $167,000 for breach of fiduciary duty. The court concluded further that "punitive damages should be imposed against [Gladstone] and his surety in the amount of $150,000."

2

In affirming the probate court's judgment, the Court of Appeals held that the award of punitive damages was proper against Gladstone and Ohio Casualty pursuant to OCGA § 29-5-92 (b) (4) (court may "impose any other sanction or sanctions as the court deems appropriate"), and also proper under OCGA § 51-12-5.1 (punitive damages in tort action), although the probate court did not specifically reference this Code section in its order. Gladstone, supra, 341 Ga. App. at 76-78 (4). It is this holding of the Court of Appeals that we consider here.[2]

OCGA § 29-5-40 (a) provides, "A conservator appointed by the court shall give bond with good and sufficient security." The bond "shall be in an amount equal to the estimated value of the estate if secured by a licensed commercial surety authorized to transact business in this state," OCGA § 29-5-41 (c), and is "[p]ayable to the court for the benefit of the ward" and "[c]onditioned upon the faithful discharge of the conservator's duty, as such is required by law[.]" OCGA § 29-5-41 (a) (2) and (a) (3). In accordance with these statutory guidelines, the bond here obligated Gladstone as indemnitor and

---

[2] The punitive damages award against Gladstone as conservator is not before this Court.

3

Ohio Casualty in the amount of $430,000, which amount represented the value of the ward's estate. See OCGA § 29-5-42 (reduction in bond allowed if value of ward's estate decreases); see also In re Hudson, 300 Ga. App. 340, 341 (685 SE2d 323) (2009) (amount of bond increased with increase in value of ward's estate). The condition of the obligation was that Gladstone "well and truly demean himself" as conservator, and that he "faithfully discharge all of the duties required by law."

The probate court found that Gladstone breached those duties and was liable to the ward in the amount of $167,000, and it removed him from office. Gladstone and Ohio Casualty therefore were jointly liable for that amount. See OCGA § 29-5-63 ("If the court finds that the conservator is liable to the ward, the court shall enter a judgment against the conservator and any surety in the amount of such liability."); OCGA § 29-5-49 (d) ("In all cases where letters of conservatorship are revoked" the surety is liable "for all acts of the conservator in relation to the trust up until the time of the settlement with the new conservator or the ward."); OCGA § 29-5-46 ("The conservator and any surety shall be held and deemed joint and several obligors and may be subjected jointly and severally to liability in the same action.").

4

With respect to the probate court's conclusion that punitive damages should be imposed against both Gladstone "and his surety," Ohio Casualty argues that, while it is liable for Gladstone's act of misappropriating $167,000 of the ward's funds, it is liable only for actual damages because the bond is based upon the value of the ward's estate, and there is no authority for the award of punitive damages against a surety. The successor conservator argues that the bond did not specifically exclude punitive damages, that there is no statute that limits recovery under a conservator bond to actual damages, and that OCGA § 29-5-92 (b) (4) authorizes the probate court to impose any sanctions it deems appropriate.

> In interpreting the statutory bond requirement,
>
> we apply the fundamental rules of statutory construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. We must also seek to effectuate the intent of the Georgia legislature. OCGA § 1-3-1 (a). In this regard, in construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole.

(Citation and punctuation omitted.) Lyman v. Cellchem Intl., Inc., 300 Ga. 475, 477 (796 SE2d 255) (2017). As we recently explained in Lyman, in considering

5

whether punitive damages are recoverable under the Georgia Computer Systems Protection Act ("GCSPA"), "where the legislature has indicated that punitive damages are recoverable, it has generally done so through express language to include punitive damages among the types of damages that a plaintiff may recover[.] [Cits.]" Id. Punitive damages are imposed solely to punish, penalize, or deter a party for wrongful conduct. See id.; see also OCGA § 51-12-5.1 (c) ("Punitive damages shall be awarded not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant.").

The conservatorship statutes do not explicitly provide for punitive damages against a surety, and provide only for a judgment against the surety in the amount that the conservator is liable to the ward. See OCGA § 29-5-63. The references to "damages" and "judgment" are tied to the ward's assets: in the event of termination of a conservatorship or the resignation of the conservator, see OCGA § 29-5-80, and upon final settlement of accounts, the court shall issue a judgment "for any sums found to be due." OCGA § 29-5-81 (d). If the conservator commits or threatens to commit a breach of fiduciary duty, a ward or person on behalf of the ward shall have a cause of action to, among other things, recover "damages" or "compel the redress of a breach of fiduciary duty

6

by payment of money or otherwise." See OCGA § 29-5-93 (a) (1), (4). "When the ward's assets are misapplied and can be traced into the hands of persons who have notice of the misapplication, a trust shall attach to the assets." OCGA § 29-5-93 (b).[3] And as provided in OCGA § 29-5-49 (d), the surety is liable "for all acts of the conservator in relation to the trust."

We find no authority in the conservator's bond statutes authorizing punitive damages against the surety and the surety is not engaged in any wrongful conduct, so the punishment and deterrent purpose of punitive damages would be entirely misplaced.[4] Cf. Nat. Surety Corp. v. Gatlin, 192 Ga. 293, 297 (15 SE2d 180) (1941) (decided under former Code 1933, § 89-421 (now OCGA § 45-4-29) which provided that the measure of damages recoverable in actions

---

[3] OCGA § 29-5-93 (c) provides: "The provision of remedies for breach of fiduciary duty by this Code section does not prevent resort to any other appropriate remedy provided by statute or common law."

[4] We note that the bond does not mention punitive damages (and neither does the bond application). "The contract of suretyship is one of strict law; and the surety's liability will not be extended by implication or interpretation." OCGA § 10-7-3. See also Campbell v. Benton, 217 Ga. 368, 371 (2) (122 SE2d 223) (1961) ("The law at the time of the execution of a statutory bond is a part of it . . . . Where a bond is given under the authority of a statute . . . in the absence of anything appearing to show a different intention it will be presumed that the intention of the parties was to execute such a bond as the law required, and such statute constitutes a part of the bond as if incorporated in it, and the bond must be construed in connection with the statute and the construction given to the statute by the courts.").

on official bonds for the misconduct of the officer was, "unless otherwise specially enacted," the amount of the injury actually sustained); see also Restatement (Third) of Suretyship & Guaranty, § 73 Penalties (when secondary obligation is legally mandated bond, that obligation does not include penalties imposed on principal obligor for failure to fulfill underlying obligation unless secondary obligation so provides). "[I]f the legislature had intended for such damages to be recoverable under the statute, it could have expressly stated so." Lyman, supra, 300 Ga. at 478.

We hold, therefore, that a conservator's bond pursuant to OCGA § 29-5-40 et seq. does not cover punitive damages. This holding is consistent with that of other courts considering this issue. See C & I Steel, LLC v. Travelers Cas. & Sur. Co., 876 NE2d 442, 446 (2) n.7 (Mass. App. 2007) (statutory payment or contractor's bond did not cover punitive damages; citing similar holdings in numerous other jurisdictions); Ames v. Commr. of Motor Vehicles, 839 A2d 1250, 1257-1259 (Conn. 2004) (punitive damages only available when legislature expressly provides for them; punitive damages fall outside of indemnification provisions of surety bond statute).

For this reason, we reverse the Court of Appeals, as it erred in holding that

a conservator's bond covers punitive damages even though such damages are not expressly provided for under OCGA § 29-5-40 et seq. or under the provisions of the bond itself.

Judgment reversed. Hines, C. J., Melton, P. J., Benham, Hunstein, Nahmias, Blackwell, Grant, JJ., and Judge Thomas Arthur Cox, Jr., concur. Peterson J., not participating.

Decided May 7, 2018.

Certiorari to the Court of Appeals of Georgia — 341 Ga. App. 72.

Boris, Kyle, Burch & Medlin, John V. Burch, W. Randal Bryant, Timothy J. Burson, for appellant.

Neville & Cunat, J. Richard Neville; Boling Rice, Margaret A. Spaulding; Miles, Hansford & Tallant, Kevin J. Tallant; Bryant & Oakes, Craig S. Oakes, for appellee.

Owen, Gleaton, Egan, Jones & Sweeney, M. Michael Egan, Jr., amicus curiae.