**FIFTH DIVISION**
**DILLARD, C. J.,**
**REESE and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 6, 2018**

# In the Court of Appeals of Georgia

A16A1682. IN RE ESTATE OF JACQUELINE GLADSTONE.
A16A1683. IN RE ESTATE OF JACQUELINE GLADSTONE.

REESE, Judge.

This case is before us on remand from the Supreme Court of Georgia. The Forsyth County Probate Court found that Emanuel Gladstone ("Gladstone") breached his fiduciary duty as conservator for his incapacitated wife, Jacqueline Gladstone. The court entered a judgment against Gladstone and his surety, Ohio Casualty Insurance Company ("Ohio Casualty"), for $167,000 "on the settlement of accounts and as damages" and $150,000 in punitive damages. Both Gladstone and Ohio

Casualty appealed (Case Numbers A16A1682 and A16A1683, respectively), and we affirmed the judgment.[1]

The Supreme Court of Georgia granted the petition for certiorari filed by Ohio Casualty to determine:

(1) Did the Court of Appeals err in holding that a conservator's bond covers punitive damages even though such damages are not expressly provided for under OCGA § 29-5-40 et seq. or under the provisions of the bond itself?
2) If a conservator's bond does cover punitive damages, did the Court of Appeals err in holding that because the probate court complied with OCGA § 29-5-92 (b) (4) in imposing sanctions against the petitioner, compliance with the procedures for imposing punitive damages under OCGA § 51-12-5.1 was not required?[2]

The Supreme Court reversed our decision, holding that "a conservator's bond pursuant to OCGA § 29-5-40 et seq. does not cover punitive damages."[3] The Supreme

---

[1] *In re Estate of Jacqueline Gladstone*, 341 Ga. App. 72 (798 SE2d 660) (2017) (*Gladstone I*).

[2] *In re Estate of Jacqueline Gladstone*, 303 Ga. 547 (814 SE2d 1) (2018) (*Gladstone II*).

[3] Id. at 550.

2

Court thus "answer[ed] the first question in the affirmative, rendering the second question moot."[4]

The Supreme Court's opinion addresses Divisions 6 and 7 of *Gladstone I*.[5] The Supreme Court neither addressed nor considered the portions of our opinion addressing Gladstone's appeal, Divisions 1 through 5. Divisions 1 through 5 thus remain binding on the parties, and we do not address them further.[6]

Thus, we reverse the probate court's judgment to the extent it awarded punitive damages against Ohio Casualty and remand with direction that the trial court enter judgment against Ohio Casualty only for that portion of the award which did not constitute punitive damages, i.e., $167,000. We affirm in all other respects.

*Judgment affirmed in Case No. A16A1682. Judgment in Case No. A16A1683 affirmed in part and reversed in part, and case remanded with direction. Dillard, C. J., and Bethel, J., concur.*

---

[4] Id. at 547.

[5] See *Gladstone II*, 303 Ga. at 548, n. 2; *Gladstone I*, 341 Ga. App. at 78-80 (6), 80 (7).

[6] See *Shadix v. Carroll County*, 274 Ga. 560, 562-564 (1) (554 SE2d 465) (2001).